# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

RIGHTHAVEN LLC, a Nevada limited-liability company,

        Plaintiff,

v.

LELAND WOLF, an individual; and
IT MAKES SENSE BLOG, an entity of unknown origin and nature,

        Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Righthaven LLC ("Righthaven") complains as follows against Leland Wolf ("Mr. Wolf") and It Makes Sense Blog ("IMSB"; collectively with Mr. Wolf known herein as the "Defendants") on information and belief, and at all times relevant to this lawsuit, unless otherwise specifically indicated herein to the contrary:

## NATURE OF ACTION

1.     This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

## PARTIES

2.     Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3.     Righthaven is in good standing with the Nevada Secretary of State.

4. Mr. Wolf is, and has been at all times relevant to this lawsuit, identified by the current registrar, ENOM, Inc. ("ENOM"), as the registrant of the Internet domain found at <itmakessenseblog.com> (the "Domain").

5. The content accessible through the Domain and the Domain itself is known herein as the "Website."

6. Mr. Wolf is, and has been at all times relevant to this lawsuit, the owner of the Website.

7. Mr. Wolf is, and has been at all times relevant to this lawsuit, the owner of IMSB.

8. IMSB is, and has been at all times relevant to this lawsuit, an entity of unknown origin and nature.

9. Attempts to find evidence of the formal organizational status in the respective Secretary of State offices of Arizona, Delaware, California, Illinois, Nevada, New York, Texas and Tennessee demonstrate that, at least with respect to these states, IMSB is not a formally organized business entity.

10. IMSB is, and has been at all times relevant to this lawsuit, the self-proclaimed owner of the copyright(s) in the work(s) displayed on the Website, as evidenced by a copyright notice on the Website: "Copyright © 2010 It Makes Sense Blog. All Rights Reserved"

## JURISDICTION

11. This Court has jurisdiction over the subject matter and the parties under the copyright laws of the United States, 17 U.S.C. § 101 et seq., as well as jurisdictional provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

12. Righthaven is the owner of the copyright in and to the photograph entitled: "TSA Agent performs enhanced pat-downs" (the "Work"), attached hereto as Exhibit 1.

13. On or about November 29, 2010 and February 5, 2011, the Defendants willfully reproduced the Work on an unauthorized basis, from a source emanating from Colorado.

14. On or about November 29, 2010 and February 5, 2011, the Defendants displayed, and continue to display, unauthorized reproductions of the Work (the "Infringement"), attached hereto as Exhibits 2 and 3, on the Website.

15. The composition, at least in part, of the Work and the Infringement, is a Transportation Security Administration Agent performing an enhanced pat-down search in the Denver, Colorado airport.

16. The focal point of the Infringement is Denver, Colorado.

17. The only geographic location that is associated with, and related to, the Work is Denver, Colorado.

18. The Work was originally published in *The Denver Post*.

19. The Defendants knew that the Work was originally published in *The Denver Post*.

20. The Defendants knew that the Work originally emanated from Colorado.

21. The Infringement, as publicly displayed on the Website, was and is accessible to persons in Colorado.

22. The Infringement occurred and continues to occur in Colorado.

23. The Defendants' display of the Infringement was and is purposefully directed at Colorado residents.

24. The harm caused by the Infringement, was experienced, at least in part, in Colorado.

25. The Defendants knew, or reasonably should have known, that websites, such as the Website, are and were at all times relevant to this lawsuit, the habitual subject of postings by others of copyright-infringing content.

26. The Defendants did not institute any proactive policy of precluding, or attempting to preclude, the postings by others of copyright-infringing content on the Website.

27. The Defendants did not institute any proactive policy of monitoring, or attempting to monitor, the postings by others of copyright-infringing content on the Website.

28. The Defendants did not institute any proactive policy of deleting, or attempting to delete, the postings by others of copyright-infringing content on the Website.

29. The Defendants' failure to institute any proactive policies intended to address the postings by others of copyright-infringing content on the Website constituted and constitutes the Defendants' willful blindness to copyright infringements occurring on the Website.

## VENUE

30. The United States District Court for the District of Colorado is an appropriate venue, pursuant to 28 U.S.C. § 1400 (a), because the Defendants are subject to personal jurisdiction in Colorado.

31. The United States District Court for the District of Colorado is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Colorado.

## FACTS

32. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(5).

33. Righthaven is the owner of the copyright in and to the Work.

34. The Work was originally published on or about November 18, 2010.

35. On December 8, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number VA0001751279 (the "Registration") and attached hereto as Exhibit 4 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

36. On or about November 29, 2010 and February 5, 2011, the Defendants displayed, and continue to display, the Infringement on the Website.

37. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

38.     The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

39.     The Defendants knew, or reasonably should have known, that websites, such as the Website, are and were the habitual subject of contributions by others of copyright-infringing content to the Website.

40.     The Defendants did not institute any proactive policy of precluding or attempting to preclude the contributions by others of copyright-infringing content to the Website.

41.     The Defendants did not institute any proactive policy of monitoring or attempting to monitor the contributions by others of copyright-infringing content to the Website.

42.     The Defendants did not institute any proactive policy of deleting or attempting to delete the contributions by others of copyright-infringing content to the Website.

43.     The Defendants' failure to institute any proactive policies intended to address the contributions by others of copyright-infringing content to the Website constituted and constitutes the Defendants' willful blindness to copyright infringements occurring on the Website.

## FIRST CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT

44.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 43 above.

45.     Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

46.     Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

47.     Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

48.     Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

49. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

50. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

51. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

52. The Defendants publicly displayed, and continues to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

53. The Defendants have willfully engaged in the copyright infringement of the Work.

54. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

55. Unless the Defendants is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

**SECOND CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT**

56. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 55 above.

57. The Defendants directly profited and continue to directly profit from infringement of the Work.

58. The Defendants have the right to stop or limit infringement of the Work by contributors to the Website, but have declined to meaningfully exercise that right.

59. Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Publisher is liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

60. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

61. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Defendants of the Work, pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants has communicated regarding the Defendants' use of the Work; and

    c. All financial evidence and documentation relating to the Defendants' use of the Work;

3. Direct ENOM, and any successor domain name registrar for the Domain, to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this 31st day of March, 2011.

By: /s/ Steven G. Ganim
STEVEN G. GANIM, ESQ.
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Tel: (702) 527-5900
Fax: (702) 527-5909
sganim@righthaven.com

SHAWN A. MANGANO, ESQ.
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas. Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851
shawn@manganolaw.com

*Attorneys for Plaintiff Righthaven LLC*