# EXHIBIT B

# CLARIFICATION AND AMENDMENT TO
# STRATEGIC ALLIANCE AGREEMENT

This **CLARIFICATION AND AMENDMENT TO THE STRATEGIC LICENSE AGREEMENT** ("Amendment") is entered into by and between Righthaven LLC, a Nevada limited-liability company ("Righthaven") and Stephens Media LLC, a Nevada limited-liability company ("Stephens Media") and is made effective as of the 18th day of January, 2010 (the "Effective Date").

## *RECITALS*

WHEREAS, on January 18, 2010, Righthaven and Stephens Media entered into a Strategic Alliance Agreement (the "Agreement"), which is also the Effective Date for this Amendment;

WHEREAS, all defined terms used in this Amendment shall have the same meaning assigned under Schedule 1 of the Agreement unless otherwise stated herein;

WHEREAS, it was Righthaven's and Stephens Media's intent when the parties entered into the Agreement to convey all ownership rights in and to any identified Work to Righthaven through a Copyright Assignment so that Righthaven would be the rightful owner of any identified Work and entitled to seek copyright registration of same with the United States Copyright Office;

WHEREAS, it was Righthaven's and Stephens Media's further intent when the parties entered into the Agreement to grant Stephens Media a license to Exploit the Stephens Media Assigned Copyrights for any lawful purpose whatsoever without in any way hindering the right of Righthaven to seek redress for any past, present or future infringements of such copyrights; and

WHEREAS, this Amendment amends, clarifies, corrects, ratifies or otherwise conforms the Agreement to reflect the parties' above expressed intentions when entering into the Agreement on the Effective Date.

NOW, THEREFORE, in consideration of the mutual promises and agreements herein and other good and valuable consideration, the receipt and sufficiency of which each party expressly acknowledges, Righthaven and Stephens Media agree to this Amendment as follows:

1. <u>Amendment of Section 7.2 of the Agreement.</u>  As of the Effective Date, Section 7.2 of the Agreement is hereby amended and replaced to read as follows:

> 7.2  Automatically upon execution of a Copyright Assignment, Stephens Media is granted a non-exclusive license to Exploit the Stephens Media Assigned Copyright to the greatest extent permitted by law in consideration for payment in the amount of One Dollar and Zero Cents ($1.00) per year to Righthaven as a license or royalty for each Stephens Media Assigned Copyright as consideration

1

for the license granted herein (the "License Fee"). Any License Fee required under this amended and revised Section 7.2 shall be retroactive to the Effective Date. In the event that Righthaven decides to Exploit or participate in the receipt of royalties from the Exploitation of a Stephens Media Assigned Copyright other than in association with a Recovery, Righthaven shall give Stephens Media 30 days prior written notice. The parties acknowledge that failure to provide such notice would be a material breach of this Agreement and would cause Stephens Media irreparable harm, remediable through injunctive relief, which Righthaven and those asserting rights obtained from it shall have no right to oppose.

2.  Amendment of Section 8 of the Agreement. As of the Effective Date, Section 8 of the Agreement is hereby amended and replaced to read as follows:

8.  ***Stephens Media's Option to Re-Purchase the Stephens Media Assigned Copyright***

8.1  At any time, within its sole discretion, Stephens Media shall have the option, within 14 days of providing notice of the exercise of such option, to purchase all right and title to the Stephens Media Assigned Copyright in consideration for payment in the amount of Ten Dollars and Zero Cents ($10.00) ("Exercised Option").

8.2  Upon an Exercised Option, Stephens Media shall pay to Righthaven the Infringement Action Costs that would otherwise work an unjust enrichment benefitting Stephens Media (but under no circumstances shall Infringement Action Costs be less than the costs of any application for registrations or registrations of copyrights made and/or procured by Righthaven for the benefit of Stephens Media), pursuant to or arising out of this Agreement. No Exercised Option shall impair Righthaven's rights to receive sums related to, with respect to and/or arising out of any Recovery pursuant to or arising out of this Agreement (the "Early Termination Amounts"), including, without limitation, a reasonable level of compensation associated with, with respect to, and arising out of, any and all efforts exerted by Righthaven to Search, find, investigate, ascertain, pursue, redress, sue or otherwise file a claim against any Person with respect to, or otherwise address any copyright infringement benefitting, whether directly or indirectly, copyright holder, pursuant to or arising out of this Agreement, as well as all other rights to quantum meruit proceeds that any court of competent jurisdiction would award under such circumstances. Righthaven shall provide Notice within thirty (30) days of an Exercised Option of Righthaven's calculation of Early Termination Amounts. Within ten (10) days of receipt of any Recovery by Stephens Media, Stephens Media shall pay to Righthaven the Early Termination Amounts or provide Notice to Righthaven of any contest whereby Stephens Media contends that the Early Termination Amounts Notified by Righthaven to Stephens Media were inaccurate or unjust and to what extent (the "Contested Amount") the Early Termination Amounts were inaccurate or unjust (the "Stephens Media Contest"). Within ten (10) days after receiving the Stephens Media Contest (the "Contest Notification Date"), Righthaven shall have

2

the option: (a) to elect to receive from Stephens Media within ten (10) days of the Contest Notification Date, the Early Termination Amounts minus the Contested Amount (the "Settled Amount"), or (b) to Notify Stephens Media that Stephens Media must pay to Righthaven the Settled Amount within ten (10) days of the Contest Notification Date, and that Righthaven reserves the right to make a claim that Stephens Media should pay the full Early Termination Amounts. In the event that Righthaven preserves Righthaven's right to make a Claim pursuant to Section 5(b), the Parties shall mediate the dispute associated with the Contested Amount (the "Contest Dispute") within sixty (60) days by: (x) reasonably choosing a mediator or by employing a JAMS mediator through http://www.jamsadr.com, (y) mediating the Contest Dispute in Las Vegas, Nevada, and (z) mediating the Contest Dispute in good faith (the "Mediation"). In the event that the Mediation is not effective in resolving the Contest Dispute within sixty (60) days of the commencement of the Mediation, Righthaven shall have the right to bring any and all relevant Claims for recovery of the Contested Amount, and any amounts accrued by Righthaven in the Mediation, in any court of competent jurisdiction, in addition to all other rights and remedies available to Righthaven, whether in law or equity.

3. <u>Amendment of Exhibit 1 to the Agreement.</u> As of the Effective Date, Exhibit 1 of the Agreement is hereby amended and replaced to read, and any Assignment executed subsequent to the Effective Date shall be interpreted as retroactively including the amended and replaced language set forth herein, as follows:

This Copyright Assignment (the "Assignment") is made effective as of _____ (the "Effective Date") by Stephens Media LLC, a Nevada limited-liability company ("Stephens Media").

In consideration of monetary commitments and commitments to services to be provided and/or already provided by Righthaven LLC, a Nevada limited-liability company, ("Righthaven") to Stephens Media and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Stephens Media hereby transfers, vests and assigns the work depicted in Exhibit A, attached hereto and incorporated herein by this reference (the "Work"), to Righthaven, all right, title and interest to said Work such that Righthaven shall be recognized as the copyright owner of the Work, shall have the right to register said Work with the United States Copyright Office, and shall have the right to pursue past, present and future infringements of the copyright in and to the Work.

**IN WITNESS WHEREOF**, Stephens Media hereby executes this Assignment on this _____ day of _____, 20___.

4. <u>Incorporation of Recitals.</u> The above Recitals are expressly incorporated into and shall be deemed to constitute terms and conditions of this Amendment.

5. <u>Agreement Modification.</u> Except as otherwise expressly set forth in this Amendment, all terms, conditions, representations and warranties set forth in the

3

Agreement shall survive and shall in no way be modified, supplanted, altered or changed as a result of this Amendment.

6. <u>Counterparts</u>. This Amendment may be executed in one or more counterparts, each of which shall be an original, and all of which shall collectively constitute the same document. This Amendment may also be executed by signatures provided by electronic facsimile transmission or by electronic mail transmission (also known as "Fax" or "e-mail" copies). Facsimile or e-mail signatures shall be as binding and effective as original signatures.

IN WITNESS WHEREOF, each of the undersigned duly execute this Amendment and represent that each has the authority to legally bind each respective entity.

| Righthaven LLC | Stephens Media LLC |
|---|---|
| By: _[signature]_ | By: _____ |
| Name: Steven A. Gibson | Name: _____ |
| Title: Manager | Title: _____ |
| Date: 5-9-11 | Date: _____ |

4

Agreement shall survive and shall in no way be modified, supplanted, altered or changed as a result of this Amendment.

6. <u>Counterparts</u>. This Amendment may be executed in one or more counterparts, each of which shall be an original, and all of which shall collectively constitute the same document. This Amendment may also be executed by signatures provided by electronic facsimile transmission or by electronic mail transmission (also known as "Fax" or "e-mail" copies). Facsimile or e-mail signatures shall be as binding and effective as original signatures.

IN WITNESS WHEREOF, each of the undersigned duly execute this Amendment and represent that each has the authority to legally bind each respective entity.

| Righthaven LLC | Stephens Media LLC |
|---|---|
| By: _____ | By: _[signature]_ |
| Name: Steven A. Gibson | Name: Mark A. Hinueber |
| Title: Manager | Title: Vice President |
| Date: _____ | Date: 5/9/11 |

4