IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:11-cv-00830

RIGHTHAVEN, LLC,

                Plaintiff,

v.

LELAND WOLF, an individual, and
THE IT MAKES SENSE BLOG, an entity
of unknown nature and origin,

                Defendants.

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY OR, IN THE ALTERNATIVE, MOTION FOR ORDER TO SHOW CAUSE**

COMES NOW Defendant Leland Wolf and submits this Brief in Support of his Motion for Jurisdictional Discovery or, in the Alternative, Motion for Order to Show Cause (the "Motion"), and respectfully shows this Court as follows:

**I. Introduction**

Plaintiff filed this lawsuit against Defendant on March 31, 2011. (Doc. # 1.)  Defendant filed this Motion for Leave to Conduct Jurisdictional Discovery or, in the Alternative, Motion for Order to Show Cause, contemporaneously with his Motion to Dismiss for Lack of Subject Matter Jurisdiction on May 17, 2011.

Pursuant to this Court's April 14, 2011 Order in *Righthaven LLC v. Democratic Underground LLC*, Case No. 2:10-cv-01356 Doc. # 93 (D. Nev., filed Apr. 14, 2011), new evidence regarding Righthaven's relationship with Stephens Media LLC (hereinafter "Stephens

1

Media") has been unsealed and released to the public. On April 15, 2011, an unredacted version of the Defendants' Supplemental Memorandum Addressing Recently Produced Evidence Relating to Pending Motions in the Democratic Underground case was made available on the Public Access to Court Electronic Records ("PACER") system, as well as this court's CM/ECF system. Case No. 2:10-cv-01356 Doc. # 79 (D. Nev., filed Mar. 9, 2011). A true and correct copy of Exhibit A to Doc. # 79 in *Democratic Underground* is attached to this Motion as Exhibit A as well, for consistency. (Exh. A.)

Since this revelation, other defendants have used this Strategic Alliance Agreement to contest Righthaven's subject matter jurisdiction in its District of Nevada cases. *See, e.g.*, *Righthaven LLC v. Vote For The Worst LLC*, Case No. 2:10-cv-01045, Doc. # 33 (D. Nev., filed Apr. 17, 2011); *Righthaven LLC v. Hoehn*, Case No. 2:11-cv-00050, Doc. # 16 (D. Nev., filed Apr. 17, 2011). In yet another case, *Righthaven LLC v. Pahrump Life*, Case No. 2:10-cv-01575, Doc. # 20 (D. Nev., filed Apr. 28, 2011), the court *sua sponte* issued an Order to Show Cause and scheduled a hearing concerning Righthaven's Article III standing and the court's subject matter jurisdiction over the case. In response to the *Pahrump Life* court's order, and as a response to pending Motions to Dismiss in *Vote for the Worst* and *Hoehn*, Righthaven and Stephens Media executed a clarification to their Strategic Alliance Agreement (hereinafter, the "'Clarification'") on May 9, 2011 – coincidentally, the day upon which all such briefing was due. Righthaven filed this document with the District of Nevada in both *Vote for the Worst*, Docs. # 41, 42 (D. Nev. May 9, 2011), and *Hoehn*, Docs. # 24, 25 (D. Nev. May 9, 2011). A true and correct copy of this "Clarification" is attached hereto as Exhibit B. As explained in Wolf's contemporaneously filed Motion to Dismiss, though, this "Clarification," like the Agreement it modifies, do not confer Righthaven standing to sue on Stephens Media's

copyrights. A similar or identical agreement with MediaNews Group is similarly ineffective in granting Righthaven standing to sue for copyright infringement. Thus, the agreement between Righthaven and MediaNews Group is central, as are any subsequent changes to it, to Righthaven's standing – and the Court's subject matter jurisdiction – in this case and the dozens of others like it filed in this District.

Under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), subject matter jurisdiction is an essential element to every lawsuit, and must be present for any court to hear a dispute. In this case, Righthaven does not have sufficient rights in the work putatively assigned to it by MediaNews Group to bring – or maintain – its case against the Defendants if its Agreement with MediaNews Group is in any substantial way similar to Righthaven's Agreement with Stephens Media. The propriety of this Agreement cuts to the heart of subject matter jurisdiction and Righthaven's production of this document will resolve this case and those like it in a direct, economical and sudden manner.

## II. Legal Standards

The burden of establishing jurisdiction rests upon the party asserting it. *Garman v. Campbell County Sch. Dist. No. 1*, 630 F.3d 977, 983 (10th Cir. 2010); *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974). Jurisdictional discovery is available to either party in addressing factual issues raised when a defendant moves to dismiss for a lack of jurisdiction. *Sizova v. Nat'l Inst. of Stds. & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002); *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975); *Grynberg v. Ivanhoe Energy, Inc.*, 666 F. Supp. 2d 1218, 1227 (D. Colo. 2009).

Trial courts possess broad discretion to grant jurisdictional discovery. *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1298-99 (10th Cir. 2004); *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (allowing "wide discretion to allow

affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts," citing *Holt v. U.S.*, 46 F.3d 1000, 1003 (10th Cir. 1995)); *Budde*, 511 F.2d at 1035. Courts have found jurisdictional discovery particularly appropriate, though, when the facts giving rise to jurisdiction – including subject matter jurisdiction, as in this case – are in dispute. *Sizova*, 282 F.3d at 1326; *Stuart*, 46 F.3d at 1003; *Budde*, 511 F.3d at 1035; *Kan. Food Packers, Inc. v. Corpak Inc.*, 192 F.R.D. 707, 708 (D. Kan. 2000). Such jurisdictional discovery must be timely sought, and present its findings to the Court with adequate time for the Court to consider the fruits of such discovery in its jurisdictional ruling. *See Grynberg*, 666 F. Supp. 2d at 1226-27.

**III. Argument**

Righthaven very likely is neither the owner nor exclusive holder of any rights in the copyrighted work underlying this lawsuit. As such, Righthaven has suffered no injury or other cognizable harm required for it to have standing under Article III of the U.S. Constitution. Absent this very basic requirement of standing, there is no subject matter jurisdiction in this case, and this Court must immediately dismiss the pending action.

To determine whether Righthaven has the bare constitutional requirement of standing, and potentially dispose of Righthaven's Complaint at the outset of this case, one specific document is needed: Righthaven's Strategic Alliance Agreement – or equivalent document (comprehensively and expansively referred to herein as the "Agreement") – with MediaNews Group. In this case, Wolf has moved to dismiss Righthaven's case, knows exactly what information he seeks from Righthaven, and this Court is justified in using its discretion to allow Wolf to obtain the document he seeks.

//

//

//

**A.     Wolf's Motion for Jurisdictional Discovery is Properly Before this Court.**

**1.     *Righthaven's Fundamental Ability to Sustain this Lawsuit is Seriously Compromised, at Best, if not Nonexistent.***

As the Plaintiff in this matter, Righthaven bears the burden of establishing jurisdiction before this court, including subject matter jurisdiction. *Garman*, 630 F.3d at 983; *Basso,* 495 F.2d at 909.  Developments in other cases, however, have cast serious doubt about Righthaven's ability to do so. *See Pahrump Life*, Case No. 2:10-cv-01575, Doc. # 20; Righthaven LLC v. Hoehn, Case No. 2:11-cv-00050, Motion to Dismiss, Doc. # 16 (D. Nev., filed Apr. 17, 2011); Righthaven LLC v. Vote for the Worst LLC, Case No. 2:10-cv-01045, Motion to Dismiss, Doc. # 33 (D. Nev., filed Apr. 17, 2011).  The contents and disposition of Righthaven's Agreement with MediaNews Group go to the heart of the Plaintiff's ability to sustain this lawsuit, as discussed with respect to Righthaven's Agreement with Stephens Media in Wolf's contemporaneously filed Brief in Support of Defendant's Motion to Dismiss (hereinafter, the "Brief").

Given the intense attention the District of Nevada has placed on the Agreement between Stephens Media LLC and Righthaven, the disclosure and analysis of the Agreement between Righthaven and MediaNews Group is especially important.  This Agreement that Righthaven has with other media outlets is central to the question of whether Righthaven possesses sufficient copyright rights to bring the instant lawsuit and others like it. (*See* Brief at 3-5.)  Based on the Agreement between Righthaven and Stephens Media LLC, Wolf alleges that any such agreement between Righthaven and MediaNews Group deprives Righthaven of standing, denuding this case of the subject matter jurisdiction required to be in this Court.  In light of such a factual dispute, jurisdictional discovery – specifically, the production of Righthaven's Agreement with

MediaNews Group – is appropriate. *Sizova*, 282 F.3d at 1326; *Stuart*, 46 F.3d at 1003; *Budde*, 511 F.3d at 1035.

For a plaintiff to sue for copyright infringement, it must have an exclusive right in a copyright. *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005); *see Sybersound Records v. UAV Corp.*, 517 F.3d 1137, 1144 (holding that only owners and "exclusive licensees" may enforce a copyright right or license thereto). A national survey of case law on this issue finds no serious opposition to the notion that a plaintiff must have an exclusive right to sue for copyright infringement, and that the right must be one of those specified in 17 U.S.C. § 106 – which *do not* include the naked right to sue for infringement. *See Hyperquest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 383 (7th Cir. 2011); *U.S. v. Chalupnik*, 514 F.3d 748, 753 (8th Cir. 2008); *Davis v. Blige*, 505 F.3d 90, 103 (2d Cir. 2007). Yet, Righthaven's Agreement with Stephens Media LLC – and, in all likelihood, its identical agreement with MediaNews Group – do not transfer any exclusive rights under 17 U.S.C. § 106 to Righthaven. (*See* Exh. A §§ 7.1, 7.2, 8; Brief at 4-5.) Without copyright ownership, or at least an exclusive right in the copyright, Righthaven has no standing to enforce a copyright or license thereto. *See, e.g.*, *Sybersound*, 517 F.3d at 1144. The Agreement between Righthaven and MediaNews Group provides facts central to Righthaven's Article III standing, and this Court's ability to exercise jurisdiction, in this case. (*See* Brief at 3-5.)

        2.    ***Wolf's Motion for Jurisdictional Discovery is Timely, Specific, and Encourages Judicial Economy.***

As a tool available to either party, this Court may, within its discretion, authorize Wolf to conduct jurisdictional discovery. *Bell Helicopter*, 385 F.3d at 1298-99; *Stuart*, 271 F.3d at 1225; *Budde*, 511 F.2d at 1035. Such discovery, however, must be conducted with sufficient time for the Court to act upon the information it uncovers. *Grynberg*, 666 F. Supp. 2d at 1226-28. In

6

*Grynberg*, the plaintiff's motion for jurisdictional discovery was denied because it was not only too late to affect the court's ruling, but also largely irrelevant to the issue of jurisdiction. *Id*. at 1227-28

Unlike *Grynberg*, though, Wolf is moving for jurisdictional discovery at the very outset of this case, seeking discovery before filing an Answer or the Proposed Motion that will dispose of this case in its entirety. The evidence sought by Wolf – the Agreement – is specific, discrete and central to the question of Righthaven's standing to bring this case. Moreover, the manner in which Wolf seeks this discovery, in the form of judicial leave to subpoena Righthaven for the relevant Agreement between Righthaven and MediaNews Group, eliminates any risk of capturing or seeking irrelevant or extraneous data.

In light of the doubt that has been raised over the propriety of Righthaven and Stephens Media LLC's Agreement, and whether it confers Righthaven standing to sue at all, obtaining Righthaven's Agreement with MediaNews Group is the fastest route to disposing of this lawsuit. As explained in the contemporaneously filed Motion to Dismiss, this Agreement's anticipated failure to transfer Righthaven any exclusive copyrights, based on Righthaven's agreement with Stephens Media LLC, would be fatal to Righthaven's standing and subject matter jurisdiction in this case. Wolf's desired discovery is specific and precise, like a scalpel excising just what little matter is needed for inclusion in the Proposed Motion and disposition of this case.

    **B.**    **Righthaven's Agreement with MediaNews Group Should not be Privileged or Confidential upon Disclosure.**

In the case where Righthaven's Agreement with Stephens Media LLC was revealed, *Righthaven LLC v. Democratic Underground LLC*, Case No. 2:10-cv-01356-RLH-GWF, the Court had to unseal the Agreement for it to appear on the public record. Doc. # 93 (D. Nev., filed Apr. 14, 2011.) Righthaven and Stephens Media LLC, a counter-defendant in that case, filed

motions to keep the Agreement under seal and out of the public record. Case No. 2:10-cv-01356-RLH-GWF, Docs. # 87, 89, 91, 92.

In making its determination, the Nevada Court "considered the multitude of cases filed by Righthaven, on the claimed basis that Righthaven owns the copyrights to certain Stephens Media copy," and found that "it appears […] that there is certainly an interest and even a right in all the other defendants sued by Plaintiff to have access to this material." Case No. 2:10-cv-01356-RLH-GWF, Doc. # 93 at 4:10-12.  The Nevada Court further observed the considerable media attention Righthaven's cases had received, further reasoning that "because these cases have generated a great deal of public interest, particularly in the media and on the internet, that there is a right of the public to this information which overrides any claimed confidential commercial rights." *Id*. at 4:13-15.

Under the Nevada Court's analysis, Righthaven's claim of "confidential commercial rights" was unsupported, and thus its purported interest in confidentiality crumbled under the weight of public interest.  In particular, the Nevada Court found that Righthaven did not present evidence as to how the Agreement's disclosure would harm its ability to obtain clients and maintain a competitive advantage; that the only potential competitor of Righthaven was already a defendant in one of Righthaven's many actions, and thus entitled to discovery of the Agreement anyway; and the fact that the Agreement's provisions would be widely disseminated was only additional proof of the public's – and other litigants – interest in the Agreement's contents. *Id*. at 4:21-5:7.

Similarly, if this Court permits Wolf to conduct jurisdictional discovery, the discovered Agreement should be free to be made part of the public record without additional skirmishes against Righthaven.  Precedent within the Tenth Circuit and this District comport with the

Nevada Court's findings in *Democratic Underground*, and permit the unsealing of documents where the public's interest in the documents predominates. *U.S. v. Hickey*, 767 F.2d 705, 708 (10 th Cir. 1985) (acknowledging the "common law right" to inspect and copy judicial records as an "important aspect" of the judicial system's integrity; allowing sealing of documents only where the public's "right of access" is outweighed by competing interests (internal citations omitted)); *Pappas v. Frank Azar & Assocs., P.C.*, Case No. 06-cv-01024-MSK-BNB, *2007 U.S. Dist. LEXIS 38387* at * 21 (D. Colo. May 25, 2007) (ordering the unsealing of sensitive documents filed in the course of litigation).  Accordingly, any Agreement revealed between Righthaven and MediaNews Group should be on the public record, as the sealing of such records is unjustified in light of legal authority and public interest.

      **C.**      **In the Alternative, Wolf Moves this Court to Issue an Order to Show Cause in this Case.**

As part of their broad discretion to manage their cases, courts have the ability to order a party to show cause for their actions or inactions in the course of litigation.  The facts and circumstances that lead courts to issue Orders to Show Cause are varied, as they can be issued pursuant to a party's request, *see, e.g.*, *Eighth District Electrical Pension Fund v. Electrical Forces LLC*, Case No. 07-cv-01465-LTB-CBS, *2011 U.S. Dist. LEXIS 40110* at *6 (D. Colo. Mar. 28, 2011), and even *sua sponte*. *See, e.g., Martinez v. Astrue*, Case No. 09-cv-00668-CMA, *2011 U.S. Dist. LEXIS 40995* at * 5 (D. Colo. Apr. 7, 2011) (issuing, *sua sponte*, an order to show cause); *Pahrump Life*, Case No. 2:10-cv-01575, Doc. # 20 (issuing an order to show cause, *sua sponte*); *Righthaven LLC v. Ctr. for Intercultural Organizing*, Case No. 2:10-cv-01322, # 12 (D. Nev. Nov. 15, 2010) (issuing an order to show cause, *sua sponte*).

The burdens Righthaven must carry, and have not fulfilled, make an Order to Show Cause particularly appropriate in this case.  Because the plaintiff has asserted federal jurisdiction,

9

it has the burden of demonstrating that such jurisdiction is proper. *Garman*, 630 F.3d at 983; *Basso,* 495 F.2d at 909. Subject matter jurisdiction, of which Article III standing, is part and parcel, must be present at all stages of litigation and its absence at any time may be the basis for dismissal under Fed. R. Civ. P. 12(h)(3). Righthaven's acquisition of the copyright rights underlying not only this case, but also the dozens of others pending before this District, is a well-tread, and unsettled subject of controversy as well. *Pahrump Life*, Case No. 2:10-cv-01575, Doc. # 20; *Democratic Underground*, Case No. 2:10-cv-01356-RLH-GWF, Doc. # 93 at 4-5. In light of these circumstances, the Court would be well justified in exercising its discretion to issue an Order to Show Cause now, at the outset of this litigation.

**Conclusion**

This Court possesses discretion to grant Wolf specific, limited jurisdictional discovery, and would be justified in granting Wolf leave to conduct such discovery in this instance. In its Complaint, Righthaven alleges that jurisdiction is proper before this Court, yet the facts in numerous other cases indicate there is serious doubt about Righthaven's standing to sue based on the copyrights it acquires, if Righthaven possesses such standing at all. The evidence needed by Wolf to resolve the question of Righthaven's standing and this Court's jurisdiction over this litigation is specific, well-defined, and within the reach of limited, expedited discovery. With just one subpoena, Wolf can bring the document central to Righthaven's standing before this Court and determine whether Righthaven has a proper basis to bring this lawsuit.

In the alternative, the intense attention Righthaven's Agreement with Stephens Media LLC has received may be sufficient for the Court to issue an Order to Show Cause to Righthaven. In this circumstance, Righthaven would be required to show that it has standing and a Constitutionally viable basis to bring this lawsuit as the legal owner of the copyrighted work. In either scenario, this Court would be presented with the opportunity to consider the Agreement

governing Righthaven's acquisition of copyright rights in this case and right to sue the Defendant – or lack thereof.

Respectfully submitted this 17th day of May, 2011.

CONTIGUGLIA / FAZZONE, P.C.

By: /s/ Andrew J. Contiguglia
    Andrew J. Contiguglia
    Colorado Bar No. 26901
    400 S. Colorado Blvd., Suite 830
    Denver, Colorado 80246
    O: (303) 780-7333
    F: (303) 780-7337

RANDAZZA LEGAL GROUP

By: /s/ Marc J. Randazza
    Marc J. Randazza
    California Bar No. 269535
    Jason A. Fischer
    Florida Bar No. 68762
    J. Malcolm DeVoy IV
    Nevada Bar No. 11950
    7001 W. Charleston Blvd., #1043
    Las Vegas, Nevada 89117
    O: (888) 667-1113
    F: (305) 437-7662