**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action No. **1:11-cv-00830-JLK**

**RIGHTHAVEN LLC**, A Nevada Limited Liability Company

    Plaintiff,

        v.

**LELAND WOLF**, an individual, and
**IT MAKES SENSE BLOG**, an entity of unknown origin and nature,

    Defendants.

---

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF
OF CITIZENS AGAINST LITIGATION ABUSE, INC.**

---

Citizens Against Litigation Abuse, Inc. ("CALA"), not a party to this action, hereby moves for leave to file an *amicus curiae* brief in the above-captioned matter. Undersigned counsel for CALA certifies compliance with D.C.COLO.LCivR 7.1A. Undersigned counsel contacted attorneys for each party, receiving consent from Defendants. Plaintiff's counsel did not consent but did not raise an objection in the discussions. Pursuant to this Court's 7.1A Admonition and holding in *Visor v. Sprint*, 1997 WL 796989 (D.Colo.), counsel sent an email to attorneys for each party on the evening of Thursday, June 30, 2011. Counsel waited three weeks before filing this motion. *See* Exhibit 1. The proposed *amicus curiae* brief is attached as Exhibit 2, with its exhibits also attached.

I.

**EFFECT OF STAY ON COLORADO RIGHTHAVEN CASES**

CALA understands that all issues in all Righthaven cases in the District of Colorado are stayed except one: a determination as to subject matter jurisdiction to be made in this case, arising from questions as to the validity of Righthaven's assignments.[1] CALA does not believe the stay forbids the filing of this *amicus curiae* brief because it goes directly to the heart of that specific issue, providing the Court with arguments and authorities that are of central importance given recent developments in the Righthaven lawsuits.

Further, if the Court finds the argument in the brief persuasive and rules accordingly, Righthaven's claims in Colorado will be permanently resolved. The matter of permanence is extremely important because of Righthaven's litigation conduct in Nevada. In those cases, Righthaven has indicated that where courts dismiss due to a lack of standing arising from the Righthaven's assignments, Righthaven will simply rewrite its assignments over and over until it finds the magic words that give it standing under the Copyright Act. In fact, Righthaven's CEO Steve Gibson has stated during a television interview that the entire purpose of the federal judiciary's investigation of the standing issue is to give guidance to Righthaven (and Righthaven competitors) as to what their "documentation" should be in these kinds of cases.[2]

---

[1] *E.g.*, Order of 5-19-2011, Doc. #13, *Righthaven v. Buzzfeed*, 1:11-cv-00811-JLK (D. Colo.) (KANE, J.).

[2] Gibson: "The hardworking federal judges are saying: 'This type of documentation needs to be enhanced.'" *See* "Face to Face" Interview with Steve Gibson of 6-22-2011 at 5:43, available at http://www.lasvegassun.com/videos/2011/jun/22/5268/. "I think what the judges are saying is 'listen, folks, Righthaven is filing a lot of lawsuits.' They understand that we're potentially genuine with respect to upholding copyrights. They don't want to see Righthaven competitors potentially come on with not solid documentation, and they're giving us guidance as to what the documentation should be." *Id.* at 8:13.

Righthaven's conduct matches Gibson's statements. In *Righthaven v. Democratic Underground*, Righthaven's complaint was dismissed because the assignment did not confer standing under the Copyright Act. *See generally Democratic Underground* Dismissal, *Amicus* Brief Exhibit B. So Righthaven retooled its assignments to try to get just enough of a peppercorn of rights to provide standing under the Copyright Act. *E.g.*, SAA Clarification, *Amicus* Brief Exhibit K.

In fact, Righthaven has now petitioned for intervention in *Democratic Underground*, the very case where its own complaint was just dismissed, based on the rewritten assignment. *See generally* Righthaven Intervention, *Amicus* Brief Exhibit C. Dismissing Righthaven based on a lack of standing pursuant to the Copyright Act will simply cause each and every one of the pending cases in this District to be refiled based on yet another insincere amendment of the assignments in question.

And if this Court found the "documentation" to be insufficient in any refiled cases, even that won't be the end of it. A recent filing in *Righthaven v. Pahrump Life* indicates Righthaven will just keep rewriting its agreements over and over again:

> As set forth in its previous memorandum, Righthaven believes that the original Assignment and SAA between Righthaven and Stephens Media were sufficient to give Righthaven standing to sue. But since this Court issued its Order to Show Cause, another court in this District has held that these agreements failed to effect a copyright assignment to Righthaven. While Righthaven respectfully disagrees with Judge Hunt's decision, it will not burden this Court with those arguments and will instead address its arguments to the Amendment. Another court in this District has also recently held that Righthaven lacks standing, even under the Amendment. Righthaven disagrees with that decision and intends to appeal. Nonetheless, Righthaven and Stephens Media are considering further amending their agreements in order to prevent other courts from erroneously concluding that Righthaven lacks standing. If and when the parties do so, they will promptly provide the Court with all amended agreements.

3

Righthaven Response to Amici, *Amicus* Brief Exhibit F at 5 n.1.[3]

However, there is a much deeper, much more fundamental problem with Righthaven's standing, one wholly unrelated to the Copyright Act. CALA's *amicus* brief presents arguments and authorities that conclusively demonstrate—as a matter of black letter law—that Righthaven's assignments are void *ab initio* and no amendments could ever rescue them. The CALA brief presents a way for this Court and others to conclusively resolve these issues with permanence, which will save Righthaven defendants from endlessly defending themselves against rewritten agreements. It will also provide Righthaven the guidance it seeks as to how copyright holders can vindicate their rights by using third parties to file lawsuits.

CALA's *amicus* brief has been accepted for filing in *Righthaven v. Pahrump Life*, where Judge Mahan of the Nevada District stated: "The court has reviewed the proposed brief and agrees that it may be useful to the court in ruling on the pending order to show cause why the case should not be dismissed for lack of standing[.]"[4] The exact same standing issues are before this Court, and CALA respectfully submits that this Court would find value in CALA's *amicus* brief in this matter, just as Judge Mahan expects to in *Pahrump Life*.

Further, in *Righthaven v. Democratic Underground*, Judge Hunt of the Nevada District likewise allowed the filing and issued a ruling in part based upon the brief in the context of sanctioning Righthaven last week.

---

[3] Following through on its promise, Righthaven has now "amended" the Stephens Media SAA for a second time.

[4] Order of 6-29-2011 at 1, Doc. #54, *Righthaven v. Pahrump Life*, 2:10-cv-01575-JCM-PAL (D.Nev.) (MAHAN, J.).

## II.

## INTEREST OF *AMICUS*

Citizens Against Litigation Abuse, Inc. is a South Carolina nonprofit corporation.[5] As its name implies, CALA is a public interest entity interested in preventing and opposing truly abusive litigation. CALA's focus is on abusive litigation in areas relating to political speech and strategic lawsuits against public participation, known as SLAPP lawsuits. CALA's undersigned counsel is a member of the South Carolina Bar and is involved in all Righthaven litigation in South Carolina. Undersigned counsel and his other South Carolina clients, Dana Eiser and the Lowcountry 9/12 Project, have a financial interest in Righthaven litigation. Undersigned counsel has since taken other Righthaven targets as clients as well.

The Righthaven cases directly implicate freedom of speech and have an obvious chilling effect on core political speech on the Internet. A large proportion of Righthaven cases involve core political speech, as one would expect with lawsuits filed over material appearing in newspapers. Righthaven has sued political speakers from all over the political spectrum. From left to right, from radical to moderate, no group has escaped Righthaven's litigation campaign.

The following politically-oriented defendants jump out from just a quick scan of a list of Righthaven cases:

- The Democratic Party of Nevada
- The Democratic Underground website
- Free Republic LLC, a conservative website
- The Drudge Report, a major political news website

---

[5] There are other entities with similar names in other states. South Carolina's Citizens Against Litigation Abuse is not formally or informally affiliated with any other such entity.

- The Center for Intercultural Organizing
- Thoughts From A Conservative Mom
- Pajamas Media, a major political blogging association
- The Second Amendment Foundation
- Virginia Citizens Defense League, Inc.
- Climate Change Fraud
- The United States Marijuana Party
- Americans Against Food Taxes
- America's Independent Party of Iowa
- Americans for Legal Immigration Political Action Committee
- American Political Action Committee
- Second Amendment Sisters, Inc.
- Americans for Immigration Reform
- Americans for Democratic Action, Inc.
- Independent Political Report
- No Quarter, a national security and terrorism blog
- Progressive Leadership Alliance of Nevada
- Citizens for Responsibility and Ethics in Washington, Inc.
- National Organization for the Reform of Marijuana Laws

As Judge Mahan noted in *Righthaven v. Jama*, "[Righthaven]'s litigation strategy has a chilling effect on potential fair uses of Righthaven-owned articles, diminishes public access to the facts contained therein and does nothing to advance the Copyright Act's purpose of

promoting artistic creation." *Jama* Summary Judgment, *Amicus* Brief Exhibit E at 7. Righthaven does not sue people who have downloaded pirated movies or music. Righthaven sues people who are communicating their views about issues of the day and discussing important matters of public interest. CALA submits that Righthaven's litigation strategy is so brutal and abusive that the words "chilling effect" simply do not do it justice.

The free and open exchange of ideas is fundamental to American democracy. Righthaven jeopardizes that, and for that reason Citizens Against Litigation Abuse respectfully requests leave to file the attached *amicus curiae* brief.

Respectfully submitted this 19th day of July, 2011.

    s/J. Todd Kincannon
J. TODD KINCANNON, S.C. BAR NO. 76235
THE KINCANNON FIRM
Post Office Box 7901
Columbia, South Carolina 29202
Office:    877.992.6878
Fax:    888.704.2010
Email:    Todd@TheKincannonFirm.com
Attorney for Citizens Against Litigation Abuse

## CERTIFICATE OF SERVICE

On this 19th day of July, 2011, a true and correct copy of the foregoing **MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF OF CITIZENS AGAINST LITIGATION ABUSE, INC.** was filed via the CM/ECF system and a notice of such filing sent to:

| **Attorneys for Plaintiff** | **Attorneys for Defendant** |
|---|---|
| STEVEN G. GANIM, ESQ.<br>RIGHTHAVEN LLC<br>4475 South Pecos Road<br>Las Vegas, Nevada 89121<br>Office: 702.527.5900<br>Fax:   702.527.5909<br>Email: sganim@righthaven.com | ANDREW J. CONTIGUGLIA<br>CONTIGUGLIA & FAZZONE, P.C.<br>400 South Colorado Boulevard, #830<br>Denver, Colorado 80246<br>Office: 303.780.7333<br>Fax:   303.780.7337<br>Email: ajc@ajcpc.com |
| SHAWN A. MANGANO, ESQ.<br>SHAWN A. MANGANO, LTD.<br>9960 WEST CHEYENNE AVENUE, SUITE 170<br>LAS VEGAS, NEVADA 89129-7701<br>Office: 702.304.0432<br>Fax:   702.922.3851<br>Email: shawn@manganolaw.com | MARC J. RANDAZZA<br>JASON A. FISCHER<br>J. MALCOLM DEVOY IV<br>RANDAZZA LEGAL GROUP<br>7001 W. Charleston Boulevard, #1043<br>Las Vegas, Nevada 89117<br>Office: 888.667.1113<br>Fax:   305.437.7662<br>Email: mjr@randazza.com<br>Email: jmd@randazza.com |

I hereby certify the foregoing this 19th day of July, 2011.

                                                s/J. Todd Kincannon
                                              J. TODD KINCANNON
                                              THE KINCANNON FIRM