IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:11-cv-00830

RIGHTHAVEN, LLC,

        Plaintiff,

v.

LELAND WOLF, an individual, and
IT MAKES SENSE BLOG, an entity of unknown
origin and nature

        Defendants.

**MOTION FOR LEAVE TO SUPPLEMENT RECORD REGARDING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

COMES NOW Defendant Leland Wolf and files this Motion for Leave to Supplement the Record Regarding Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.[1] Previously, Wolf moved to dismiss Righthaven's copyright infringement claims against him for lack of subject matter jurisdiction (Docs. # 11-12), and moved the Court for leave to conduct jurisdictional discovery (Docs. # 13-14). Wolf and Righthaven then entered into a stipulation to conduct discovery and stay briefing on both motions until the conclusion of jurisdictional

---

[1] In the caption of its Complaint, Plaintiff names both Mr. Wolf and the It Makes Sense Blog as Defendants. While Plaintiff alleges in the caption that the It Makes Sense Blog is "an entity of unknown origin and nature", the It Makes Sense Blog is in fact not an organized legal entity. Rather, it is the domain name of a website owned and operated by Mr. Wolf. As the It Makes Sense Blog is not a person or legal entity, It Makes Sense Blog is not capable of being sued. *See, e.g., Aston v. Cunningham*, 216 F.3d 1086 n. 3 (10th Cir. 2000) (dismissing Salt Lake County jail as a defendant because a detention facility is not a person or legally created entity capable of being sued). It Makes Sense Blog should be dismissed for this reason alone.

Given that the It Makes Sense Blog is an improper Defendant as it lacks capacity to be sued, Mr. Wolf is appearing only in his individual capacity and not on behalf of the named Defendant It Makes Sense Blog. To the extent that the Court finds that the It Makes Sense Blog is capable of being sued, Mr. Wolf respectfully submits that the Court construe his motion as being made on behalf of both himself and on behalf of the It Makes Sense Blog.

discovery. (Doc. # 16.) This Court approved the parties' stipulation on June 6, 2011, and denied Wolf's motion for leave to conduct jurisdictional discovery as moot (Doc. # 17). On July 8, Wolf filed his Supplemental Memorandum of Law, to which Righthaven Responded on July 29. (Docs. # 20, 23.) In the interim, *amici* have appeared, including Citizens Against Litigation Abuse and the Electronic Frontier Foundation. (Doc. # 22.)

On August 5, 2011, attorneys for Wolf electronically met and conferred with Plaintiff's counsel regarding the filing of the attached materials, as required by Local Rule 7.1(A). Decl. of J. Malcolm DeVoy ¶¶ 8-11. Righthaven was directly ordered by Judge Roger Hunt of the District of Nevada to advise this Court of the Order attached to this Motion as Exhibit A pursuant to an Order for monetary and other sanctions in the District of Nevada. *Righthaven LLC v. Democratic Underground LLC*, Case No. 2:10-cv-01356 (Doc. # 138) (D. Nev. July 19, 2011) (ordering Righthaven to apprise this Court of its prior decision, Doc. # 116, attached as Exhibit A, dismissing its lawsuit for lack of jurisdiction and issuing an Order to Show Cause as to why it should not be sanctioned). After the intended date for compliance, Righthaven requested an extension to comply with the Nevada court's sanctions, and was given until August 8 to comply with the Court's prior order. Democratic Underground, Case No. 2:10-cv-01356 (Docs. # 143-148) (D. Nev.).

Beginning on August 5, attorney DeVoy, who is counsel of record in numerous other Righthaven cases, began receiving documents from Righthaven in fulfillment of the Nevada Court's Sanction Order. *See id*; DeVoy Decl. ¶¶ 6-7; Exh. B. Seeking to expedite the amicus briefing and reply brief due in this matter, DeVoy e-mailed Steven Ganim, counsel of record for Righthaven, as well as Shawn Mangano, inquiring about Righthaven's plans to apprise this Court of the *Democratic Underground* court's decision. DeVoy Decl. ¶¶ 8-11; Exh. C. Specifically,

2

DeVoy wanted to know if the Democratic Underground court's order would have a CM/ECF docket number at the time Wolf's Reply briefing became due. DeVoy Decl. ¶¶ 8-12; *see* Exh. C.

Righthaven's counsel advised Wolf's attorneys that Righthaven would apprise this Court of the *Democratic Underground* order. (Exh. C at 2.)  When asked if they would be submitted via ECF, Righthaven's counsel responded "If so, you will receive an ECF notification." (*Id*. at 1.)  Wolf's attorneys then offered to file the documents on Righthaven's behalf, noting that in recent court documents, Righthaven sought an extension of time to comply with sanctions imposed upon it because of it, and its counsel's, lack of time. (*Id*.); Democratic Underground, 2:10-cv-01356 (Doc. # 143) (D. Nev. July 29, 2011) (seeking extension of time to comply with sanctions because, in part, "[c]ounsel's investigation has been extremely time consuming and has also been impacted by numerous pending responses [sic] dates in a significant number of Righthaven and non-Righthaven matters. In short, performing the degree of due diligence required vastly exceed the amount of time counsel anticipated dedicating to this portion of complying with the Court's Order").  Righthaven then advised Wolf's attorneys to do "[w]hatever you feel is appropriate." (*Id*.)

Through ambiguity and declining to confirm that action had or would be taken in compliance with the Nevada court's sanctions order, Righthaven has essentially asked Wolf's counsel to do what it was ordered to do: Apprise this court of the *Democratic Underground* court's decision, attached as Exhibit A.

The attached item can properly be considered by this Court on many bases.  First, the District of Nevada has specifically ordered Righthaven to apprise this Court of its decision (Exh. A). *Democratic Underground*, Case No. 2:10-cv-01356 (Doc. # 138).  Second, as a public record, the Nevada court's order is judicially noticeable under Federal Rule of Evidence 201. *St*.

*Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169 (10th Cir. 1979). Courts may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue. *Id*. In this case, the Democratic Underground order is squarely relevant, as it analyzes the Strategic Alliance Agreement between Stephens Media LLC and Righthaven, which allegedly transferred copyrights to Righthaven in a manner that is substantively identical to the operation of Righthaven's Copyright Alliance Agreement with Media News Group, Inc. (*See* Doc. # 20.) Moreover, the attached order has been helpful to – and cited by – numerous courts in analyzing Righthaven's copyright assignments. *See Righthaven, LLC v. Mostofi*, No. 2:10-cv-01066-KJD-GWF, *2011 WL 2746315* (D. Nev. July 13, 2011); *Righthaven LLC v. DiBiase,* No. 2:10-cv-01343-RLH, *2011 WL 2473531* (D. Nev. June 22, 2011); *Righthaven LLC v. Barham,* No. 2:10-cv-02150-RLH, *2011 WL 2473602* (D. Nev. June 22, 2011); *Righthaven LLC v. Hoehn*, No. 2:11-cv-00050-PMP, __ F. Supp. 2d __, *2011 WL 2441020* (D. Nev. June 20, 2011).

Finally, the attached order likely will be helpful to the Court as evidence and part of the record. Where such evidence is helpful, but not available in time to be introduced in an opening motion or response, the court may allow a party to supplement its filings. *See Democratic Underground*, Case No. 2:10-cv-01356 (Doc. # 76) (D. Nev. Mar. 8, 2011) (granting leave to supplement factual record with late-supplied evidence); *U.S. v. Maris*, *2011 WL 468554* at *5 n.5 (D. Nev. Feb. 4, 2011) (granting leave to file supplemental materials after motions were filed and a hearing held on a motion for summary judgment); *Mitchel v. Holder*, *2010 WL 816761* at *1 n.1 (N.D. Cal. Mar. 9, 2010) (granting leave to file supplemental memorandum concerning newly obtained evidence); *Lumsden v. United States*, *2010 WL 2232946* at *1 (E.D.N.C. June 3, 32010) (granting a party leave to submit additional newly discovered evidence). At this point in

the instant matter, Wolf is entitled only to file a reply brief, and the Nevada court's order that Righthaven apprise this Court of its decision came after Wolf filed his stipulated supplemental memorandum on July 8. (Doc. # 20.)  Because this submission is both helpful to the court and proper in its timing, Wolf respectfully moves this Honorable Court to consider it as part of the pending Motion to Dismiss.

**Conclusion**

Righthaven is obligated to inform this court of the Order attached as Exhibit A pursuant to sanctions imposed by the District of Nevada.  When fulfilling other aspects of its sanction requirements, Righthaven declined to answer the reasonable requests of Wolf's counsel for information concerning how Righthaven intended to comply with the sanction as it related to this Court.  Left wanting a satisfactory answer, Righthaven has effectively requested Wolf to file the attached order with the Court.

Consistent with various orders, rules and prevailing precedents, this Court is entitled to accept and consider the order attached as Exhibit A.  In doing so, Righthaven will be in compliance with the sanctions imposed by the District of Nevada.

Respectfully submitted this 5th day of August, 2011.

                CONTIGUGLIA / FAZZONE, P.C.

                /s/ Andrew J. Contiguglia
By: _____
     Andrew J. Contiguglia
     Colorado Bar No. 26901
     400 S. Colorado Blvd., Suite 830
     Denver, Colorado 80246
     O: (303) 780-7333 F: (303) 780-7337

RANDAZA LEGAL GROUP

By: /s/ Marc J. Randazza
_____
Marc J. Randazza
California Bar No. 269535
Jason A. Fischer
Florida Bar No. 68762
J. Malcolm DeVoy IV
Nevada Bar No. 11950
7001 W. Charleston Blvd., #1043
Las Vegas, Nevada 89117
O: (888) 667-1113
F: (305) 437-7662

COUNSEL FOR DEFENDANTS

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:11-cv-00830

RIGHTHAVEN, LLC,

        Plaintiff,

v.

LELAND WOLF, an individual, and
IT MAKES SENSE BLOG, an entity of unknown
origin and nature

        Defendants.

**CERTIFICATE OF SERVICE**

    I certify that, on August 5 2011, I electronically filed the foregoing **MOTION FOR LEAVE TO SUPPLEMENT RECORD REGARDING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Steven G. Ganim, Esq.
Shawn A. Mangano, Esq.
Righthaven, LLC
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
O:  (702) 527-5909
F:  (702) 527-5909
E-mail:  sganim@righthaven.com
E-mail:  shawn@manganolaw.com

This, the 5th day of August, 2011.

                         Respectfully submitted,

                         RANDAZA LEGAL GROUP

                               /s/ J. Malcolm DeVoy IV
                       By: _____
                               Marc J. Randazza
                               California Bar No. 269535
                               Jason A. Fischer
                               Florida Bar No. 68762
                               J. Malcolm DeVoy IV
                               Nevada Bar No. 11950
                               7001 W. Charleston Blvd., #1043
                               Las Vegas, Nevada 89117
                               O: (888) 667-1113
                               F: (305) 437-7662

                         COUNSEL FOR DEFENDANTS