**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:11-cv-00830

RIGHTHAVEN, LLC,

                Plaintiff,

v.

LELAND WOLF, an individual, and
IT MAKES SENSE BLOG, an entity of unknown
origin and nature

                Defendants.

---

**DECLARATION OF J. MALCOLM DEVOY IV IN SUPPORT OF DEFENDANT'S
MOTION FOR PRELIMINARY INJUNCTION**

---

I, J. MALCOLM DEVOY IV hereby declare as follows:

      1.      I am a duly licensed attorney in Nevada and a member of the Nevada bar in good

standing, attorney for the Randazza Legal Group law firm (alternatively, the "Firm"), and

counsel of record with Andrew Contiguglia, Marc J. Randazza and Jason Fischer for the

Defendants in this matter.

      2.      On September 8, 2011, prior to filing the Motion for Preliminary Injunction that

this declaration supports, I attempted to reach Shawn Mangano, counsel for plaintiffs, by phone.

Mr. Mangano was not available and I left a voice mail for him, requesting a return call.

      3.      Shortly after leaving a voice mail for Mr. Mangano, and also on September 8,

2011, I sent him an e-mail, on which Messrs. Randazza, Contiguglia and Fischer were copied.

This e-mail informed him of our intention to file the accompanying Motion for Preliminary

Injunction.  Mr. Mangano substantively responded to my e-mail within two hours of its transmission.

4.       I have been counsel of record in numerous Righthaven cases in this District and the District of Nevada since November 2011.  During that time, I have exchanged numerous e-mails with Righthaven's in-house and outside counsel and observed high turnover within Righthaven, particularly with respect to its attorneys.  Moreover, I observed through carbon copies on e-mails I received and by noting who sent me e-mails, that Righthaven had a precipitous drop in headcount around May of 2011.

5.       In his Motion to Withdraw (Doc. # 32), former in-house attorney for Righthaven, Steve Ganim, confirmed that he had been laid off by the company.

6.       I have been counsel of record in two cases where the District of Nevada has awarded fees to defendants who successfully defended Righthaven's lawsuits.

7.       The first such case was in *Righthaven LLC v. Leon et al.*, Case No 2:10-cv-01672. I appeared at a hearing scheduled almost immediately after Righthaven's strategic alliance agreement with Stephens Media LLC became public, representing defendant Michael Leon *pro bono* for the purpose of that hearing.  The Court dismissed Righthaven's case against Mr. Leon, as Righthaven failed to serve him within the 120 days allowed under Fed. R. Civ. P. 4(m), and awarded attorneys fees to Mr. Leon.

8.       When negotiating with Righthaven, I made efforts to apprise Righthaven of the time expended representing Mr. Leon, discussed the possibility of Righthaven making a donation to a relevant public interest group such as the Electronic Frontier Foundation of Citizens Media Law Project.  When I would follow up on these possible resolutions, Righthaven would not make counter-offers or even seriously consider the proposals.

2

9.    I then moved to recovery attorney's fees from Righthaven, which courts are entitled to award to *pro bono* counsel under the Ninth Circuit Court of Appeals' precedent.  In its response, Righthaven balked at the prospect of paying a fee award to *pro bono* counsel, despite the law establishing *pro bono* counsel's entitlement to them.  The District of Nevada ultimately awarded fees for the full amount of time spent on Mr. Leon's case, and at my full hourly rate, for a total of $3,815.00.

10.    With a judgment secured, I contacted Righthaven to discuss its satisfaction.  Just as with the discussions preceding the fee award, Righthaven failed to make counter-offers or tangible, concrete proposals.  To satisfy the award, I moved for a preliminary injunction in that case.  Righthaven then requested a stay from execution, arguing, *inter alia*, that a stay was proper because it was considering an appeal of that fee award.  I responded to the application, and the Court ordered Righthaven to pay the fee award, or have a hearing on the filed motion for preliminary injunction.

11.    Righthaven ultimately did satisfy its requirement to pay $3,815.00, and sent a check to a San Diego address once used by Randazza Legal Group, but out of date by several months when the check was transmitted.

12.    The other case where I have been counsel and received an award of attorney's fees is *Righthaven LLC v. Hoehn*, Case No. 2:11-cv-00050.  On June 20, 2011, the District of Nevada dismissed Righthaven's case for lack of standing, and further found that the defendant's use of a full article from the Las Vegas Review-Journal was a non-infringing fair use of the copyrighted work.

13.    Shortly after receiving that decision from the Court, my co-counsel, Marc Randazza, and I spoke with Righthaven's counsel about paying Mr. Hoehn's attorney's fees, or a

fair value thereof, sparing both sides the expense of motion practice.  Just as in the *Leon* case,

Mr. Randazza and I had to make all attempts at progress and resolution, which ultimately proved

futile, as Righthaven had no interest in resolving the dispute cheaply.

14.     As a result, Mr. Randazza and I moved for Mr. Hoehn's attorney's fees on July 5,

2011.  On August 15, 2011, the District of Nevada entered an order awarding Mr. Hoehn the full

value of his attorney's fees, and entered judgment of $34,045.50 in his favor.  On August 19,

2011, Righthaven entered a notice of appeal with respect to that Order and Judgment.

15.     In my experience, Righthaven has consistently resisted and obstructed attempts to

resolve financial matters without swift and comprehensive judicial intervention.

16.     In addition to this resistance, and as a natural extension of it, I would not be

surprised if Righthaven disgorged its financial and intellectual property assets in an effort to

frustrate the recovery of prevailing defendants.  In fact, I expect Righthaven to do so, as that is

exactly the conduct that its corporate configuration – a limited liability company owned by two

other limited liability companies[1] – aids and encourages.

17.     I have personal knowledge of the exhibits attached to this motion for preliminary

injunction.

18.     Exhibit A is a true and correct copy of the Copyright Alliance Agreement entered

into by Righthaven and Media News Group, Inc., which I received from Shawn Mangano as a

result of early discovery in this case.

19.     Exhibit B is a true and correct copy of the Strategic Alliance Agreement entered

into by Righthaven and Stephens Media LLC, which is a public record available from the

District of Nevada in *Righthaven LLC v. Democratic Underground LLC*, Case No. 2:10-cv-

01356 (Doc. # 79-1) (D. Nev. Mar. 9, 2011) and numerous other cases.

---

[1] This information is obtained from the publicly available Righthaven Operating Agreement.

20.     Exhibit C is a true and correct copy of the Service Mark Registration Certificate for "Righthaven," Registration Number 3,948,912, obtained from the U.S. Patent and Trademark Office.

21.     Exhibit D is a full record of copyrights registered by Righthaven LLC with the U.S. Copyright Office.  I created this record by searching the U.S. Copyright Office's records for all works registered by "Righthaven" on July 10, 2011.  The records attached are true and correct copies of the information displayed to me by the U.S. Copyright Office's website, displaying information about the 252 works that Righthaven has registered with it.

 I declare under penalty of perjury that the above is true and correct to the best of my knowledge.

Dated September 9th, 2011.


By:  _/s/ J. Malcolm DeVoy IV_____
         J. Malcolm DeVoy IV