# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:11-cv-00830-JLK

RIGHTHAVEN LLC, a Nevada limited-liability company,

        Plaintiff,

v.

LELAND WOLF, an individual, and
IT MAKES SENSE BLOG, an entity of unknown
origin and nature

        Defendants.

---

**RIGHTHAVEN LLC'S OBJECTION TO MOTION FOR PRELIMINARY INJUNCTION FOR VIOLATION OF LOCAL CIVIL RULE OF PRACTICE 7.1A AND THE COURT'S PRETRIAL AND TRIAL PROCEDURES WITH CERTIFICATE OF SERVICE**

---

        Righthaven LLC ("Righthaven") hereby objects to Defendant Leland Wolf and the It Makes Sense Blog's (collectively referred to herein as the "Defendant") Motion for Preliminary Injunction (the "Motion", Doc. # 39) because it was filed in violation of Local Rule of Practice of the United States District Court for the District of Colorado 7.1A ("Local Rule 7.1A") and this Court's Pretrial and Trial Procedures (the "Standing Order").

        As relief for violation of Local Rule 7.1A, Righthaven asks the Court to vacate the hearing currently scheduled for September 15, 2011, at 8:00 a.m. and enter a briefing schedule, or require the parties to agree to a briefing schedule, so that all written submissions are filed before any oral argument is held on the Motion.  Alternatively, Righthaven requests the Court issue such relief as it deems appropriate.

Righthaven's objection is based upon the Declaration of Shawn A. Mangano, Esq. (the "Mangano Decl."), the argument below, the pleadings and papers on file in this action, any oral argument related to the Motion, and any other matter upon which this Court takes notice.

## CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1A

Pursuant to Local Rule 7.1A and this Court's Standing Order, Righthaven's counsel certifies that he has conferred with J. Malcom DeVoy IV and with Marc J. Randazza of the Randazza Legal Group, counsel for Defendant, before filing this Objection.  These meet and confer efforts included, among other things, advising Defendant's counsel of the Court's Standing Order requiring expanded compliance with Local Rule 7.1A before the Motion was filed.

Righthaven's counsel compliance with Local Rule 7.1A further involved a telephone conference with Mr. DeVoy on September 12, 2011 in an attempt to agree to a briefing schedule and to resolve issues related to Mr. Randazza's participation in September 15th hearing because he was scheduled be in New York.  As conveyed to Mr. DeVoy, Righthaven will be filing an opposition to the Motion, but in doing so the Defendant will most likely not be able to file a reply brief that either counsel or the Court could meaningfully consider prior to the September 15th hearing given that counsel for both parties must travel to Colorado.  Righthaven's counsel further advised that it would not object to Defendant's violation of Local Rule 7.1A if the parties could reach some form of an agreement in order to address a host of issues that should have been discussed prior to the Motion being filed.  Mr. DeVoy advised that he would send out an e-mail and let Righthaven's counsel know whether the parties could agree on a briefing schedule and/or move the hearing date on the Motion.  In a letter attached to an e-mail sent at 8:56 p.m. on September 12th, Defendant's counsel refused to consider a briefing schedule or modify the hearing date.

Based on the foregoing, Righthaven has unfortunately been forced to file this Objection given Defendant's counsel's violation of Local Rule 7.1A and this Court's Standing Order.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Righthaven objects to the Defendant's Motion because it was filed in violation of Local Rule 7.1A and this Court's Standing Order. *See* Senior Judge John L. Kane, *Pretrial and Trial Procedures*, General Practices and Procedures § 1.2 at 3 (Duty to confer in advance of motion). Defendant's counsel engaged in absolutely no meaningful efforts to confer before filing the Motion. ***Rather, Defendant's counsel substantive meet and confer efforts consisted of sending an e-mail after 7:30 p.m. that threatened to file the Motion by noon the next day if Righthaven did not agree to certain demands.*** When Righthaven sought to cure Defendant's counsel's failure to confer in good faith before filing the Motion, Defendant's counsel rejected these efforts. Accordingly, Righthaven respectfully requests the Court vacate the hearing scheduled for September 15, 2011, at 8:00 a.m. and enter a briefing schedule, or require the parties to agree to a briefing schedule, so that all written submissions are filed before any oral argument is held on the Motion. Alternatively, Righthaven requests the Court issue such relief as it deems appropriate.

Specifically, Defendant's counsel's meet and confer efforts prior to filing the Motion consisted of leaving a voice mail on Righthaven's counsel's office phone late in the afternoon on Thursday, September 8, 2001, which did not set forth any reason for the call, followed by an e-mail sent at 7:33 p.m. demanding that Righthaven post $25,000 in security and agree not to "dissipate its assets . . ." or the Motion would be filed by noon the next day. (Mangano Decl. Ex. 1.) Thus, Defendant's counsel's first, and only, substantive meet and confer effort was ***sending an e-mail threatening to file the Motion in less than 24-hours*** unless Righthaven capitulated all demands. (*Id.*) This is a clear violation of Local Rule 7.1A and this Court's Standing Order.

Despite Defendant's counsel's threat of filing the Motion, Righthaven's counsel substantively responded by e-mail just over an hour later. (*Id.* Ex. 2.) Righthaven's counsel's response conveyed the procedural difficulty with obtaining the requested security, requested clarification as to what assets were included in the request not to dissipate assets, advised that he needed time to confer with his client about the proposal, and further advised that relying upon an

3

e-mail sent out less than 24 hours before filing the Motion would violate Local Rule 7.1A. (Mangano Decl. Ex. 2.)

Defendant's counsel responded by e-mail at 7:18 a.m. without addressing any of the issues raised in Righthaven's counsel's e-mail from the prior evening. (*Id.* Ex. 3.) Defendant's counsel steadfastly proclaimed, ***"The motion would be filed immediately."*** (*Id.,* emphasis added.) Defendant's counsel proceeded to follow through with this threat by filing the Motion, which consists of over 20-pages of argument that was unquestionably drafted well in advance of the e-mail relied upon to satisfy the requirements of Local Rule 7.1A. (Doc. # 39.)   The Court subsequently set a hearing on the Motion for September 15, 2011, at 8:00 a.m. (Doc. # 40.)

Righthaven's counsel tried to help cure Defendant's counsel's violation of Local Rule 7.1.A during a telephone conference with Mr. DeVoy on September 12th.  (Mangano Decl. ¶ 7.) Righthaven's counsel advised that an opposition was being prepared and that the parties should consider entering into a briefing schedule so that the Defendant could file reply in advance of any hearing on the Motion. (*Id.*)  Counsel also explained that doing so would enable Righthaven and the Court to read the submission and be prepared to address its contents at oral argument. (*Id.*)  Righthaven's counsel then inquired as to Defendant's counsel availability to attend the scheduled hearing given the relatively short notice upon which it was set. (*Id.*) Mr. DeVoy stated that Mr. Randazza was going to be in New York and may have to participate in the hearing by telephone. (*Id.*)  Righthaven's counsel agreed to stipulate to Mr. Randazza telephonically appearing if necessary, but reiterated that the Motion should be fully briefed before the hearing. (*Id.*)

Righthaven's counsel further emphasized during the call that these logistical matters are expressly the type that should be discussed when complying with Local Rule 7.1A as explained in the Court's Standing Order.  Righthaven's counsel advised that it would object to the Motion as being filed in violation of Local Rule 7.1A unless some agreement could be reached to cure the logistical issues presented by counsel's hasty filing. (*Id.*)  Defendant's counsel agreed to pass along the proposed issues and resolutions to Mr. Randazza via e-mail and advise of their response. (*Id.*) Mr. Randazza subsequently rejected Righthaven's counsel's attempt to address

any issues concerning the briefing schedule or the hearing in a two-page letter.  (Mangano Decl.

Ex. 4.)  The unfortunate events have caused Righthaven to file this Objection.

## II.    STANDARDS GOVERNING THIS OBJECTION

Local Rule 7.1A imposes the following duty to confer upon counsel:

> *The court will not consider any motion*, other than a motion under Fed. R.
> Civ. P. 12 or 56, *unless counsel for the moving party* or a pro se party,
> *before filing the motion, has conferred or made reasonable, good-faith*
> *efforts to confer with opposing counsel* or a pro se party to resolve the
> dispute matter. The moving party shall state in the motion, or in a
> certificate attached to the motion, the specific efforts to comply with this
> rule.

D.C.COLO.L.CivR 7.1A (emphasis added).  This Court's Standing Order expressly explains its

meet and confer expectations under Local Rule 7.1A:

> I require complete, good faith and, some may argue, expanded
> compliance with D.C.COLO.LCiv.R 7.1A.  By this I mean that, before
> filing any motion, status report or other substantive paper with the Court,
> other than a motion pursuant to Fed. R. Civ. P. 12 or 56 or a paper that
> responds or replies to a paper previously filed by another party, the party
> filing the motion, status report, statement or other substantive paper shall
> have conferred or made reasonable, good faith efforts to confer with
> opposing counsel to resolve any disputed matter.  *Certification that a*
> *telephone call, e-mail or fax was directed to opposing counsel fewer than*
> *24 hours before the paper was intended to be filed and "no response"*
> *was received is per se <u>not</u> a good faith effort.*  Papers filed in accordance
> with Rule 7.1A shall include a certification describing specifically
> counsel's efforts to comply with this requirement and the matters on
> which agreement was reached.
>
> *In complying with this requirement to confer, parties are encouraged*
> *to discuss and agree upon collateral matters such as proposed briefing*
> *schedules, requests for hearing, sub-issues to which they may be able to*
> *stipulate, and other matters that can be resolved through the extension*
> *of mutual courtesies or other demonstration of good will.* See Visor v.
> Sprint, 1997 WL 796989 (D. Colo.)(Kane, J.) (available on District
> Court's web site, www.cod.uscourts.gov under Judicial Officers'
> Procedures).
>
> *A response will be ordered for any motion to which an objection is*
> *made.*

Senior Judge John L. Kane, *Pretrial and Trial Procedures*, General Practices and Procedures § 1.2 at 3 (first emphasis in original, additional emphasis added).

Only motions filed pursuant to Federal Rules of Civil Procedure 12 or 56 are exempt from the meet and confer requirements of Local Rule 7.1A. *See M.M. v. Zavaras,* 939 F. Supp. 799, 800 (D. Colo. 1996) (Kane, J.); *accord Visor v. Sprint/United Mgmt. Co.,* 1997 WL 796989, at *1 (D. Colo. Dec. 31, 1997) (Kane, J.). "Counsel are deemed to know the Local Rules of Practice for this court . . . ." *Visor,* 1997 WL 796989, at *2. As stated by this Court in the *Visor* decision:

> Counsel, functioning as officers of the court in compliance with the local rules of practice . . . can increase the efficiency of motion practice not only for the benefit of the case in which they appear, but for the myriad of other pending cases as well.

*Id.* Compliance with Local Rule 7.1A serves to increase the efficiency of motion practice by encouraging civility between counsel, as well as potentially resulting in the narrowing of issues presented to the Court. *Id.*

A motion filed in violation of Local Rule 7.1A will not be considered by the Court. *See* D.C.COLO.L.CivR 7.1A. The Court may also impose monetary sanctions for violation of Local Rule 7.1A. *See Visor,* 1997 WL 796989, at *2.

As argued below, the Motion was filed in violation of Local Rule 7.1A. As a result, Righthaven requests the Court vacate the September 15, 2011 hearing and enter a briefing schedule, or require the parties to agree to a briefing schedule, so that all written submissions are filed before any oral argument is held on the Motion. Alternatively, Righthaven requests the Court issue such relief as it deems appropriate.

## III.   ARGUMENT

Defendant's counsel blatantly failed to undertake a good faith effort to confer before filing the Motion. Defendant's counsel's conduct is clearly in violation of Local Rule 7.1A. The Court should not consider the Motion on September 15th given this violation. Rather, the Court should set a briefing schedule, or order the parties to do so, that allows the Motion to be fully briefed before any oral argument is held. Such relief clearly advances the goal of increasing the efficiency of motion practice before the Court. *See Visor,* 1997 WL 796989, at *2. Righthaven

also requests the Court enter such other relief as it deems necessary in view of Defendant's counsel's violation of Local Rule 7.1A.

The issue before the Court is straightforward.  Defendant's counsel expended numerous hours and likely several days drafting the Motion.  Once it was ready to be filed, Defendant's counsel left a voice mail on Righthaven's counsel office telephone late in the day on September 8th without mentioning the purpose for the call and later that evening an e-mail was sent under the guise of conferring under Local Rule 7.1A threatening to file the Motion in less than 24 hours. (Mangano Decl. ¶ 7, Ex. 1.)  Specifically, Defendant's counsel's e-mail ***threatened to file the Motion by noon the next day*** if Righthaven did not agree to post a $25,000 bond as security for an attorneys' fees award that was characterized as "inevitable" and to further agree to not "dissipate its assets . . . ." (*Id.* Ex. 1.)  Defendant's counsel's strong-arm meet and confer tactics are unquestionably in violation of Local Rule 7.1A and also run afoul of the directives set forth in this Court's Standing Order. *See* D.C.COLO.L.CivR 7.1A; *see also Visor,* 1997 WL 796989, at *2; Senior Judge John L. Kane, *Pretrial and Trial Procedures*, General Practices and Procedures § 1.2 at 3.

Despite Defendant's threats, Righthaven's counsel substantively responded to Defendant's counsel's e-mail just over an hour later. (*Id.* Ex. 2.)  Righthaven's counsel's response conveyed the procedural difficulty in obtaining the requested security, ***which was to secure Defendant's attorneys' fees and costs that has yet to be awarded.*** (*Id.*)  Righthaven's counsel also advised that posting a bond would likely require entry of a court order and possibly the filing a notice of appeal. (*Id.*) Righthaven's counsel further explained that these procedural requirements had to be met before most bonding companies would even consider an application. (*Id.*)

Righthaven's counsel's e-mail also asked Defendant's counsel to clarify what was being requested as part of the demand for assurances that company assets would not be dissipated. (*Id.*) In asking for this clarification, Righthaven's counsel wanted to know whether the company would be permitted to continue paying for its operating expenses or whether such payments would constitute a dissipation of assets. (*Id.*)

Righthaven's counsel further advised that threatening to file a motion for preliminary injunction at noon the next day in an e-mail sent at 7:30 p.m. clearly failed to provide sufficient time to evaluate and present such a proposal to his client. (Mangano Decl. Ex. 2.)  Righthaven's counsel also questioned whether the Defendant's proposal was made in good faith given that the threatened motion was ready to be filed and likely entailed a significant amount of preparation time – yet satisfying the obligation to confer under Local Rule 7.1A was done on a take it or leave it, gun to the head manner. (*Id.*)  Despite these observations, Righthaven's counsel expressly stated that Defendant's proposal was not being rejected. (*Id.*)

Further demonstrating a lack of good faith, Defendant's counsel responded via an e-mail sent at 7:18 a.m. the next day that failed to address any of the issues raised in Righthaven's counsel's e-mail.  (*Id.* Ex. 3.)  Rather, Defendant's counsel advised, ***"The motion would be filed immediately."*** (*Id.,* emphasis added.)  Once again, Defendant's counsel's tactics, including the less than 24-hour unilateral deadline imposed while purportedly conferring in good faith, are clearly in violation of the spirit and requirements of Local Rule 7.1A.  *See* D.C.COLO.L.CivR 7.1A; *see also Visor,* 1997 WL 796989, at *2; Senior Judge John L. Kane, *Pretrial and Trial Procedures*, General Practices and Procedures § 1.2 at 3.

Defendant's counsel's lack of good faith in conferring before the Motion was filed is also evidenced by the response to Righthaven's counsel's efforts to address several logistical issues raised as a result of the filing given the September 15th hearing date set by the Court (Doc. # 40). Specifically, on Monday, September 12th, Righthaven's counsel called Defendant's counsel to suggest that a briefing schedule be agreed upon so the Defendant could file a written reply brief before any oral argument. (Mangano Decl. ¶ 7.)  The reason for this proposal was to allow both counsel and the Court a sufficient opportunity to meaningfully consider any arguments made by the Defendant in response to Righthaven's opposition, which is being prepared for filing.  (*Id.*) Defendant's counsel agreed that a reply brief should be filed. (*Id.*)  Defendant's counsel also indicated that Marc Randazza's travel schedule prohibited him from appearing in person at the hearing due to a commitment in New York the same day. (*Id.*)  Righthaven's counsel suggested that if the parties could not agree to stipulate the hearing date as part of the briefing schedule, he

would still stipulate to Mr. Randazza making a telephonic appearance at the hearing. (Mangano Decl. ¶ 7.)   Righthaven's counsel reminded Defendant's counsel that logistical matters such as the briefing schedule and the hearing should have been discussed prior filing the Motion. (*Id.*) Righthaven's counsel also expressly invited any suggestions Defendant's counsel may have to address the identified issues. (*Id.*)   Righthaven's counsel's suggestions were clearly made in the spirit of promoting judicial efficiency as expressly recognized by this Court in the *Visor* decision. *See Visor,* 1997 WL 796989, at *2.   Counsel's suggestions were also made in an attempt to cure Defendant's counsel's refusal to address these issues during the meet and confer process required under Local Rule 7.1A.

In a two-page letter sent later that same evening, Defendant's counsel refused all of the suggestions made by Righthaven's counsel. (*Id.* Ex. 4.)   The tone of Defendant's counsel's letter serves as further evidence of the apparent animus and lack of good faith undertaken in "conferring" under Local Rule 7.1A.

In sum, Defendant's counsel's conduct in "conferring" before filing the Motion is patently in violation Local Rule 7.1A, as well as in violation of this Court's express directives set forth in its Standing Order.   Defendant's counsel have completely disregarded their obligations under Local Rule 7.1A and this Court's Standing Order in a rush to seek equitable relief from a Court that has repeatedly and emphatically stressed the need to meaningfully confer before filing a motion or other substantive paper. *See M.M.,* 939 F. Supp. at 800; *Visor,* 1997 WL 796989, at *2; Senior Judge John L. Kane, *Pretrial and Trial Procedures*, General Practices and Procedures § 1.2 at 3.   Defendant's counsel's conduct is nothing more than a procedural ploy designed to take advantage of the September 15th hearing date by presenting arguments on the fly that neither Righthaven nor the Court will have substantively examined through the submission of a reply brief in advance of oral argument.   Unfortunately, Defendant's counsel's tactics have come at the expense of the meet and confer obligations imposed in this District and by this Court. Accordingly, Righthaven requests the Court vacate the September 15th hearing given Defendant's counsel's violation of Local Rule 7.1A.   Righthaven also requests the Court enter,

or require the parties to agree upon, a briefing schedule for the Motion that allows for all written submissions to be filed prior to any hearing on the Motion.

### IV.    CONCLUSION

Defendant's counsel filed the Motion without meaningfully meeting and conferring as required by Local Rule 7.1A despite having obviously expended considerable time drafting the twenty-one page submission.  Based on Defendant's counsel's violation of Local Rule 7.1A, Righthaven respectfully requests the Court vacate the September 15, 2011 hearing and enter a briefing schedule, or require the parties to agree to a briefing schedule, so that all written submissions are filed before any oral argument is held on the Motion.  Alternatively, Righthaven requests the Court issue such relief as it deems appropriate.

Dated this 13th day of September, 2011.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO ESQ.
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701

*Attorney for Plaintiff Righthaven LLC*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this 13th day of September, 2011, I caused a copy of the **RIGHTHAVEN LLC'S OBJECTION TO MOTION FOR PRELIMINARY INJUNCTION FOR VIOLATION OF LOCAL CIVIL RULE OF PRACTICE 7.1A AND THE COURT'S PRETRIAL AND TRIAL PROCEDURES WITH CERTIFICATE OF SERVICE** to be to be served by the Court's CM/ECF system.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas. Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851
shawn@manganolaw.com