**EXHIBIT 1**

Print | Close Window

**Subject:** Righthaven v. Wolf et al, Case No. 1:11-cv-00830
**From:** J. Malcolm DeVoy <jmd@randazza.com>
**Date:** Thu, Sep 08, 2011 7:33 pm
**To:** Shawn Mangano <shawn@manganolaw.com>
**Cc:** Marc John Randazza <mjr@randazza.com>, "jaf@randazza.com Fischer" <jaf@randazza.com>, Andrew Contiguglia <ajc@ajcpc.com>

Shawn,

At this point, I think the outcome in *Righthaven v. Wolf* is somewhat inevitable. We will be seeking attorney's fees in that case as well. In light of recent news about Righthaven, we would feel most comfortable if Righthaven posted a bond with the court for the expected amount of total attorney's fees incurred by Wolf - $25,000. We also would like assurances from Righthaven that it will not dissipate any assets in its possession.

In addition to the recent development of Media News Group ending its contract with Righthaven, the difficulty we encountered in recovering the Court's fee award in *Righthaven v. Leon et al.*, Righthaven's appeal of the Court's award in *Righthaven v. Hoehn* (for which Righthaven has not yet posted a bond), and the impending fee decision in *Righthaven v. DiBiase*, in which the defendant is seeking approximately $200,000, I have serious doubts about Righthaven's ability to satisfy any award of fees - or order of sanctions - the *Wolf* Court issues. A bond for $25,000, along with assurances that Righthaven will not dissipate its assets, should alleviate that concern.

If we do not receive an affirmative response to both of these conditions by noon tomorrow, we will move the Colorado court for a preliminary injunction.

Jay

_____

J. Malcolm DeVoy*
Randazza Legal Group

6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118

Toll Free: 888-667-1113 x. 4
email: jmd (at) randazza (dot) com
eFax: 305-437-7662

Other Offices: Miami, Toronto
http://www.randazza.com

_____

* Licensed in NV and WI only.

Copyright © 2003-2011. All rights reserved.

eFax: 305-437-7662

Other Offices: Miami, Toronto
http://www.randazza.com

_____
* Licensed in NV and WI only.

Copyright © 2003-2011. All rights reserved.

**EXHIBIT 2**

Print | Close Window

Subject: RE: Righthaven v. Wolf et al, Case No. 1:11-cv-00830
From: shawn@manganolaw.com
Date: Thu, Sep 08, 2011 8:48 pm
To: "J. Malcolm DeVoy" <jmd@randazza.com>
Cc: "Marc John Randazza" <mjr@randazza.com>, "jaf@randazza.com Fischer" <jaf@randazza.com>, "Andrew Contiguglia" <ajc@ajcpc.com>

Jay:

I think there may be a misconception as to what the process involves posting a non-criminal bond or a TRO bond. It is not a simple process. First, most bonding companies require an order that has been appealed before they will even consider an application. Obviously, there is no such order or notice of appeal yet in the Wolf case. Moreover, bonds of the type you are alluding to have more strenuous collateral requirements. These requirements can be as much as 100% of the judgment for which a bond is being issued. While this may seem to make seeking a bond useless, the benefit is that a surety monitors and disburses the bond if required to do so rather than relinquishing cash to the Court, which a party may seek to improperly recover, or to the party to whom the judgment is owed, which also includes the obvious risk that the funds will be spent. So I think the bond issue is not only procedurally premature at this point, but there are other considerations that need to be evaluated and researched should this portion of your proposal be deemed acceptable.

Second, I am not sure about what you mean by assurances that Righthaven will not dissipate its assets. If you mean to imply that Righthaven will not transfer or convey assets that may be actionable under the Uniform Fraudulent Transfer Act, that issue might be acceptable. It may also be acceptable to Righthaven to agree not to dissipate assets that are specifically identified. The company does have operating expenses that need to be serviced. By no means should meeting those obligations be deemed prohibited under any agreement.

So I am not rejecting your proposal. I do, however, question whether your e-mail and your arbitrary noon deadline constitute a meaningful meet and confer effort prior to filing the threatened motion for preliminary injunction. I also note you sent this e-mail at 7:30 p.m., which is pretty late in the day to make such a sweeping and generalized proposal that is coupled with the threat of seeking injunctive relief less than 24 hours later. Obviously this plan has been in the works and the motion has probably already been drafted. I would have appreciated you presenting this offer with sufficient to so that could have a meaningful opportunity to consult my client.

If you intend on seeking injunctive relief because this response is not an unconditional capitulation to your demands, I understand the obvious motivation for doing so. No hard feeling against either you or Marc.

Regards,

S

Shawn A. Mangano, Esq.

Shawn A. Mangano, Ltd.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129
(702) 304-0432 - telephone
(702) 922-3851 - facsimile
*Licensed in California, Nevada and Illinois*

-------- Original Message --------
Subject: Righthaven v. Wolf et al, Case No. 1:11-cv-00830
From: J. Malcolm DeVoy <jmd@randazza.com>
Date: Thu, September 08, 2011 7:33 pm
To: Shawn Mangano <shawn@manganolaw.com>
Cc: Marc John Randazza <mjr@randazza.com>, "jaf@randazza.com Fischer" <jaf@randazza.com>, Andrew Contiguglia <ajc@ajcpc.com>

Shawn,

At this point, I think the outcome in *Righthaven v. Wolf* is somewhat inevitable. We will be seeking attorney's fees in that case as well. In light of recent news about Righthaven, we would feel most comfortable if Righthaven posted a bond with the court for the expected amount of total attorney's fees incurred by Wolf - $25,000. We also would like assurances from Righthaven that it will not dissipate any assets in its possession.

In addition to the recent development of Media News Group ending its contract with Righthaven, the difficulty we encountered in recovering the Court's fee award in *Righthaven v. Leon et al.*, Righthaven's appeal of the Court's award in *Righthaven v. Hoehn* (for which Righthaven has not yet posted a bond), and the impending fee decision in *Righthaven v. DiBiase*, in which the defendant is seeking approximately $200,000, I have serious doubts about Righthaven's ability to satisfy any award of fees - or order of sanctions - the *Wolf* Court issues. A bond for $25,000, along with assurances that Righthaven will not dissipate its assets, should alleviate that concern.

If we do not receive an affirmative response to both of these conditions by noon tomorrow, we will move the Colorado court for a preliminary injunction.

Jay

_____

J. Malcolm DeVoy*
Randazza Legal Group

6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118

Toll Free: 888-667-1113 x. 4
email: jmd (at) randazza (dot) com