**EXHIBIT 3**

Print | Close Window

**Subject:** Re: Righthaven v. Wolf et al, Case No. 1:11-cv-00830
**From:** Marc John Randazza <mjr@randazza.com>
**Date:** Fri, Sep 09, 2011 7:18 am
**To:** <shawn@manganolaw.com> <shawn@manganolaw.com>
**Cc:** "J. Malcolm DeVoy" <jmd@randazza.com>, "jaf@randazza.com Fischer" <jaf@randazza.com>, "Andrew Contiguglia" <ajc@ajcpc.com>

Shawn,

Given that you sent this at 8:48, you've regularly spoken with us and filed items in the middle of the night, I think that 7:30 was a reasonable time to send it, asking for a response by midday the next day.

Add to that the fact that you filed your motion for a stay at 2:52 AM, and I think w're going to find that your temporal argument will not be persuasive.

The motion will be filed immediately.

On Sep 8, 2011, at 8:48 PM, <shawn@manganolaw.com> <shawn@manganolaw.com> wrote:

> Jay:
>
> I think there may be a misconception as to what the process involves posting a non-criminal bond or a TRO bond. It is not a simple process. First, most bonding companies require an order that has been appealed before they will even consider an application. Obviously, there is no such order or notice of appeal yet in the Wolf case. Moreover, bonds of the type you are alluding to have more strenuous collateral requirements. These requirements can be as much as 100% of the judgment for which a bond is being issued. While this may seem to make seeking a bond useless, the benefit is that a surety monitors and disburses the bond if required to do so rather than relinquishing cash to the Court, which a party may seek to improperly recover, or to the party to whom the judgment is owed, which also includes the obvious risk that the funds will be spent. So I think the bond issue is not only procedurally premature at this point, but there are other considerations that need to be evaluated and researched should this portion of your proposal be deemed acceptable.
>
> Second, I am not sure about what you mean by assurances that Righthaven will not dissipate its assets. If you mean to imply that Righthaven will not transfer or convey assets that may be actionable under the Uniform Fraudulent Transfer Act, that issue might be acceptable. It may also be acceptable to Righthaven to agree not to dissipate assets that are specifically identified. The company does have operating expenses that need to be serviced. By no means should meeting those obligations be deemed prohibited under any agreement.
>
> So I am not rejecting your proposal. I do, however, question whether your e-mail and your arbitrary noon deadline constitute a meaningful meet and confer effort prior to filing the threatened motion for preliminary injunction. I also note you sent this e-mail at 7:30 p.m., which is pretty late in the day to make such a sweeping and generalized proposal that is coupled with the threat of seeking injunctive relief less than 24 hours later. Obviously this plan has been in the works and

**EXHIBIT 4**

Print | Close Window

**Subject:** Righthaven v. Wolf Hearing
**From:** Marc John Randazza <mjr@randazza.com>
**Date:** Mon, Sep 12, 2011 8:56 pm
**To:** Shawn Mangano <shawn@manganolaw.com>
**Cc:** Jason Allan Fischer <jaf@randazza.com>, DeVoy Jay <jmd@randazza.com>, Andrew Contiguglia <ajc@ajcpc.com>
**Attach:** Sept 12 Ltr Mangano.pdf

Marc John Randazza
Randazza Legal Group

Copyright © 2003-2011. All rights reserved.

**RANDAZZA** | **LEGAL GROUP**

MARC J. RANDAZZA
Licensed to practice in
Massachusetts
California
Arizona
Florida

JESSICA S. CHRISTENSEN
Licensed to practice in
California

JONATHANE M. RICCI
Licensed to practice in
Michigan
Ontario, Canada
U.S. Tax Court

JASON A. FISCHER
Licensed to practice in
Florida
California
U.S. Patent Office

J. MALCOLM DEVOY
Licensed to practice in
Wisconsin
Nevada

www.randazza.com

**Las Vegas**
6525 W. Warm Springs Rd
Suite 100
Las Vegas, NV 89118
Tel: 888.667.1113
Fax: 305.437.7662

**Miami**
2 S. Biscayne Boulevard
Suite Number 2600
Miami, FL 33131
Tel: 888.667.1113
Fax: 305.397.2772

**San Diego**
187 Calle Magdalena
Suite Number 114
Encinitas, CA 92024
Tel: 888.667.1113
Fax: 305.437.7662

**Toronto**
3230 Yonge Street,
Suite Number 200
Toronto, ON M4N 3P6
Tel: 888.667.1113
Fax: 416.342.1761

Correspondence from:
Marc J. Randazza, Esq.
mjr@randazza.com

Reply to Las Vegas Office
via Email or Fax

September 12, 2011

Via Email Only
shawn@manganolaw.com

Shawn A. Mangano
Shawn A. Mangano Ltd.

  Re: *Stipulation in Righthaven LLC v. Wolf et al.,*
     *Case No. 1:11-cv-00830 (D. Colo.*

Dear Shawn:

Jay DeVoy has apprised me of your offer to reach a stipulation on the briefing in this case, so that it may be completed in anticipation of the hearing. After discussing the matter with co-counsel, we decline to pursue such an arrangement. This is not a reflection of my personal opinion – we've had productive discussions and enjoyed our conversations in the past – but an issue of professional judgment.

First, you claimed in your lengthy September 8, 2011 e-mail that we have not made a sufficient effort to meet and confer with you about this motion. Yet, you responded to Mr. DeVoy's e-mail within approximately 75 minutes of its transmission. Later that night, shortly before 3:00 am, you filed an application for a stay of execution of the judgment in *Righthaven LLC v. Hoehn*, Case No. 2:11-cv-00050 (D. Nev.) The application was lengthy and thoroughly researched, and was also likely in the works long before it was filed. I believe your accusation of us trying to sandbag you with a long-planned motion is a bit ironic when, just 6 hours later, you did what your e-mail accused us of attempting.

Additionally, reviewing numerous cm/ecf filings that I have received in cases where I am counsel of record, or those that Mr. DeVoy have forwarded to me for review, they are consistently filed after 10 pm, and often after midnight. I have personally participated in calls with you near midnight. By all appearances, your practice is clearly nocturnal. In fact, if we were attempting to sandbag you, it would seem tactically prudent to do so by providing information to you at 9:00 AM.

Moreover, your e-mail tacitly consented to the filing of the Motion for Preliminary injunction, stating:

> *"If you intend on seeking injunctive relief because this response is not an unconditional capitulation to your demands, I understand the obvious motivation for doing so. No hard feeling against either you or Marc."*

Similarly, we have no hard feelings. But, if Righthaven were seriously concerned about this motion, you could have requested additional time. In the past, negotiating with Righthaven has not been fruitful, and there is no indication that negotiations with Righthaven would have been any more productive this time.

We believe that lawyers should grant extensions and courtesies any time that it is not a detriment to their client. Unfortunately, when we have given extensions to Rightaven in the past, every courtesy has been used to the detriment of our clients. In the *Hoehn* and *Vote for the Worst* cases, Righthaven requested routine extensions, only to surprise us with "clarifications" of Righthaven's Strategic Alliance Agreement with Stephens Media LLC. While these "clarifications," did not change the parties' legal position, they did result in unnecessary fees on our clients' part. In *Allec* and *NewsBlaze*, Righthaven used extensions to file Amended Complaints, mooting prior briefing, or motions to amend the Complaint, ideally compelling the same result. You never so much as indicated a desire to file an amended complaint in either circumstance. I understand and respect the need to be versatile in representing one's client, but I cannot deny the distinct pattern where extensions are given and Righthaven engages in behavior far beyond simply filing a responsive brief. The fact is, we have never given courtesy in a Righthaven case, and not then been stunned with some act, which makes us regret doing so.

Finally, asking us to extend the hearing date seems misplaced. We neither requested nor anticipated that the judge would schedule a hearing so quickly. This is not a case of us wanting to see you in court, and being amenable to rescheduling the matter out of professional courtesy. Instead, the Court has clearly indicated its desire to have both parties appear before it. Once Judge Kane issued his Order, our client undertook the expense of arranging travel to the hearing.

That all said, we are not unwilling to enter in to an agreement that could moot the hearing. We will withdraw our Motion if Righthaven posts a bond with the court for the full amount of anticipated attorneys' fees. As of today, Mr. Wolf has incurred $14,162.50. We presume that by the time Righthaven finally admits defeat in this case, those fees will have doubled. Therefore, if Righthaven agrees to post a bond for $30,000 (and agrees not to appeal its loss), then we will gladly withdraw the Motion. If Righthaven does not wish to agree to forego an appeal, then we will need that bond to be much higher -- $75,000 should cut it.

If Righthaven is amenable, then we will be pleased to withdraw our Motion. Please consult with Mr. Gibson and Mr. Frederick about this matter and get back to us. If they refuse, we anticipate leaving the adjudication of this matter to the Court's discretion following Thursday's hearing and subsequent briefing.

Best regards,

Marc. J. Randazza

cc:   Andrew J. Contiguglia
      Jason A. Fischer
      J. Malcolm DeVoy IV