# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:11-cv-00830

RIGHTHAVEN, LLC,

        Plaintiff,

v.

LELAND WOLF, an individual, and
IT MAKES SENSE BLOG, an entity of unknown
origin and nature

        Defendants.

## RESPONSE TO OBJECTION

Leland Wolf and the It Makes Sense Blog (collectively, "Wolf"), through his counsel, Contiguglia/Fazzone and Randazza Legal Group, respond to the objection lodged by Righthaven LLC (hereinafter, "Righthaven") (Doc. # 41). Much of the evidence submitted in support of Righthaven's objection (*see* Doc. # 42) strengthens Wolf's position. Local Rule 7.1(a) requires only that a movant make "reasonable" and "good faith" efforts to meet and confer before filing a motion – not to tailor his or her conduct to opposing counsel's liking. As required by the Local Rule, Wolf's efforts were specified in the Motion and its supporting declaration (Docs. # 39, 39-1.)[1]

Two of the undersigned, Marc J. Randazza and J. Malcolm DeVoy, have litigated opposite Righthaven and its current counsel in numerous cases, within this District and in the District of Nevada.[2] They are familiar with Attorney Mangano's schedule and general hours of

---

[1] Similarly, Colorado Rules of Civil Procedure, Rule 121 1-15(8) delineates a duty to confer. The Rule also requires an explanation to the Court if such conference does not take place. Here, the efforts, both recently and historically, were set forth in the Motion, giving this Honorable Court the details of Counsels' efforts to resolve the issue at hand.
[2] *Righthaven v. Sumner*, Case No. 1:11-cv-00222 (D. Colo.); *Righthaven v. Vote for the Worst LLC*, Case No. 2:10-cv-01045 (D. Nev.); *Righthaven v. Leon*, Case No. 2:10-cv-01672 (D. Nev.); *Righthaven v. Hyatt*, Case No. 2:10-cv-

operation. (Doc. # 42-2 Exh. 4.) Further substantiating this point, Righthaven's counsel filed its instant objection after 11 pm Pacific Time. (Docs. # 41, 42.) Mangano rendered a substantive response to DeVoy's September 7, 2011 e-mail, in which he said, in part, that he understood the reason for seeking injunctive relief. (Doc. # 42-1.)

This motion hardly came as a surprise to Righthaven. On July 9, 2011 a similar motion was filed in the District of Nevada in *Righthaven LLC v. Leon*, Case No. 2:10-cv-01672 (Doc. # 54) (D. Nev. July 9, 2011). At the time Wolf moved for preliminary injunction, the possibility of a defendant seeking a preliminary injunction against Righthaven had been on Plaintiff's radar for three months. Having seen almost this exact motion before, Righthaven knew what its contents would be in advance, and did not need days to contemplate a response. Similarly, the undersigned have found good faith negotiation with Righthaven unavailing in the past. (*See generally* Doc. # 40-1.)

Taken together, the exhibits to Righthaven's objection shows that the parties did meaningfully meet and confer (Doc. # 42). And, in particular, Exhibit # 4 to Righthaven's objection demonstrates exactly why Wolf proceeded as he did – in the undersigned's experience with Righthaven, seldom has a good deed gone unpunished. (Doc. # 42-2.)

Righthaven has lodged its objection to the scheduled hearing with full knowledge that Wolf has made plans for his attorneys to be present before the Court at that time (*id*. Exh. 4). This hearing was not scheduled at Wolf's directive, or even the parties', but rather the Court's. (Doc. # 40.) Instead of responding to the Motion (Doc. # 30), Righthaven has instead elected to submit a 10 page long missive about Local Rule 7.1(a) – an ironic strategy, given that Righthaven's business model is predicated on taking legal action without giving notice. This is not sufficient to assuage the Court's concerns about Wolf's Motion for Preliminary Injunction, prompting the September 15, 2011 hearing.

Respectfully submitted this 14th day of September, 2011.

---

01736 (D. Nev.); *Righthaven v. Hoehn*, Case No. 2:11-cv-0050 (D. Nev.); *Righthaven v. NewsBlaze LLC*, Case No. 2:11-cv-00720 (D. Nev.).

CONTIGUGLIA / FAZZONE, P.C.

By: /s/ Andrew J. Contiguglia
_____
Andrew J. Contiguglia
Colorado Bar No. 26901
44 Cook Street, Suite 100
Denver, Colorado 80206
O: (303) 780-7333
F: (303) 780-7337


RANDAZZA LEGAL GROUP

By: /s/ Marc J. Randazza
_____
Marc J. Randazza
California Bar No. 269535
Jason A. Fischer
Florida Bar No. 68762
J. Malcolm DeVoy IV
Nevada Bar No. 11950
7001 W. Charleston Blvd., #1043
Las Vegas, Nevada 89117
O: (888) 667-1113
F: (305) 437-7662


COUNSEL FOR DEFENDANTS

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:11-cv-00830

RIGHTHAVEN, LLC,

        Plaintiff,

v.

LELAND WOLF, an individual, and
IT MAKES SENSE BLOG, an entity of unknown
origin and nature

        Defendants.

---

**CERTIFICATE OF SERVICE**

---

I certify that, on September 14, 2011, I electronically filed the foregoing **RESPONSE TO OBJECTION** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Shawn A. Mangano, Esq.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
O:  (702) 527-5909
F:  (702) 527-5909
E-mail:  shawn@manganolaw.com

This, the 14th day of September, 2011.

        Respectfully submitted,

        CONTIGUGLIA / FAZZONE, P.C.

        /s/ Andrew J. Contiguglia
    By: _____
        Andrew J. Contiguglia

                    Colorado Bar No. 26901
                    44 Cook Street, Suite 100
                    Denver, Colorado 80206
                    O: (303) 780-7333
                    F: (303) 780-7337

COUNSEL FOR DEFENDANTS