**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:11-cv-00830-JLK

RIGHTHAVEN LLC, a Nevada limited-liability company,

        Plaintiff,

v.

LELAND WOLF, an individual, and
IT MAKES SENSE BLOG, an entity of unknown
origin and nature

        Defendants.

---

**RIGHTHAVEN LLC'S OPPOSITION TO MOTION FOR PRELIMINARY
INJUNCTION WITH CERTIFICATE OF SERVICE**

---

        Righthaven LLC ("Righthaven") hereby opposes Defendant Leland Wolf and the It Makes Sense Blog's (collectively referred to herein as the "Defendant") Motion for Preliminary Injunction (the "Motion", Doc. # 39).

        Righthaven's opposition is based upon its associated objection to the Motion (Doc. ## 41-42), the argument below, the pleadings and papers on file in this action, any oral argument related to the Motion, and any other matter upon which this Court takes notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant's Motion is a proverbial house of cards constructed upon a foundation of baseless, inflammatory innuendo and clearly contradictory legal arguments.  Defendant's willingness to employ such pejorative phrases and term as "bad faith," "rank deception," "fraud," and "dilatory" to characterize Righthaven's infringement case are tactics employed by a party that is seeking to obtain extraordinary relief based upon an unsubstantiated specter of fear.  In this regard, Defendant's Motion is largely cut from the same inflammatory cloth that Brian Hill's motion for attorney's fees, which was recently denied by this Court. *See Righthaven LLC v. Hill,* No. 1:11-cv-00211-JLK (Doc. # 43) (D. Colo. Sept. 9, 2011 ("*Hill*"). Defendant's Motion, however, is unique in that it is asks the Court to accept fundamentally flawed and intellectually counterintuitive arguments to justify entry of injunctive relief.  This Court is too astute to be persuaded by such arguments.

The intellectually counterintuitive nature of Defendant's Motion is readily apparent based on the current procedural posture of this case.  In order to grant the Motion, the Court is required to find the Defendant has a likelihood of success on the merits on two substantive issues: (1) that subject matter jurisdiction is lacking over Righthaven's infringement action; and (2) that he is entitled to a recovery of attorneys' fees and costs despite the lack of subject matter jurisdiction. As argued herein, a party seeking injunctive relief must establish the Court has subject matter jurisdiction.  *See United States v. Cohen,* 152 F.3d 321, 325 (4th Cir. 1998); *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana,* 762 F.2d 464, 470 (5th Cir. 1985).  Federal Rule of Civil Procedure 65 ("Rule 65") does not authorize an independent basis for subject matter jurisdiction.  In fact, when subject matter jurisdiction is in dispute a prima facie showing of subject matter jurisdiction is insufficient to justify entry of injunctive relief. *See Savoie v. Merchants Bank,* 84 F.3d 52, 57 (2d Cir. 1996).  Here, not only is subject matter jurisdiction in dispute, ***but the Defendant's asserted likelihood of success is expressly predicated on the lack of subject matter jurisdiction.***  Such a conclusion is nonsensical.

Even if the Court were to somehow accept Defendant's counterintuitive logic by concluding that subject matter jurisdiction is sufficiently established to authorize injunctive relief and that a likelihood of success on the merits exists based on Defendant's argument under Federal Rule of Civil Procedure 12(b)(1) that subject matter jurisdiction is absent over this dispute, an award of attorneys' fees and costs is not permitted when an action is dismissed for want of jurisdiction.  In this regard, the Defendant apparently asks this Court to adopt the decision *Righthaven LLC v. Hoehn,* No. 2:11-cv-00050 (Doc. # 43) (D. Nev. Aug. 15, 2011) ("*Hoehn*"), which found that a defendant constituted a prevailing party under Federal Rule of Civil Procedure 54(d) ("Rule 54(d)") and under 17 U.S.C. § 505 ("Section 505") despite the absence of subject matter jurisdiction. (Doc. # 39 at 4.)  The order awarding attorney's fees and costs in *Hohen*, which consisted of a one page decision with absolutely no substantive analysis despite voluminous briefing by the parties, is unquestionably subject to reversal by the United States Court of Appeals for the Ninth Circuit because it is against well-established precedent from a host of jurisdictions. Righthaven trusts this Court will not make the same mistake.

Specifically, once subject matter is found not to exist a court cannot award attorneys' fees to a party unless it is a sanction. *See Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1216 (10th Cir. 2006) ("[T]he court having determined that it lacks subject matter jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original); *see also Skaff v. Meridien North America Beverly Hills, LLC,* 506 F.3d 832, 837 (9th Cir. 2007) (stating that "a court that lacks jurisdiction at the outset lacks the authority to award attorneys' fees."); *Hudson v. Principi,* 260 F.3d 1357, 1363 (Fed. Cir. 2001) ("This court and others have established that there cannot be an award of attorneys' fees unless the court has jurisdiction of the action."); *W.G. v. Senatore,* 18 F.3d 60, 64 (2d Cir. 1994) ("Where there is no subject matter jurisdiction to proceed with the substantive claim, as a matter of law 'that lack of jurisdiction bars and award of attorneys fees under [42 U.S.C. §] 1988.") (internal brackets omitted); *United States v. 87 Skyline Terrace,* 26 F.3d 923, 927 n.6 (9th Cir. 1994) (listing cases holding that "subject matter jurisdiction is a condition precedent to an award of fees under the EAJA"); *Branson v. Nott,* 62 F.3d 287, 293 (9th Cir. 1995) (declining to

confer prevailing party status under 42 U.S.C. § 1988 where subject matter jurisdiction was lacking); *Clark v. Busey,* 959 F.2d 808, 810 (9th Cir. 1992) ("Subject matter jurisdiction to decide the merits of the underlying action is a condition precedent to an award of fees or costs under the EAJA." (internal quotations omitted); *Johnson-Manville Corp. v. United States,* 893 F.2d 324, 328 (Fed. Cir. 1989) (finding a lack of subject matter jurisdiction barred fee award); *Lane v. United States,* 727 F.2d 18, 20-21 (1st Cir. 1984) (determining that a want of subject matter jurisdiction precluded an award of fees). While the *Hoehn* decision failed to substantively address any of these decisions, Righthaven is confident the Court will correctly apply these cited decisions to the facts presented in this case based on the through analysis undertaken in its recent denial of a request for attorneys' fees and cost in the *Hill* decision.

Even if the Court were to somehow further conclude that it is empowered to grant an award of attorneys' fees despite the lack of subject matter jurisdiction, the Defendant still cannot constitute a "prevailing party" under Rule 54(d) or under Section 505. While the Tenth Circuit has apparently not addressed thses issue, other circuits have squarely held that a defendant does not qualify as a "prevailing party" when a case is dismissed without prejudice for lack of subject matter jurisdiction. *See Miles v. California,* 320 F.3d 986, 988 (9th Cir. 2003); *Hygenics Direct Co. v. Medline Indus.,* 33 Fed. Appx. 621, 625 (3d Cir. 2002) (affirming district court's denial of costs where subject matter jurisdiction was absent because the defendant had not "prevailed . . . on any issue that is fundamental to the action."); *Szabo Food Serv. Inc. v. Canteen Corp.,* 823 F.2d 1073, 1076-77 (7th Cir. 1987) (holding that defendant was not a "prevailing party" where complaint was dismissed without prejudice because "dismissal without prejudice . . . does not decide the case on the merits . . .."); *cf Dattner v. Conagra Foods, Inc.,* 458 F.3d 98, 102-03 (2d Cir. 2006) (recognizing that a *forum non conveniens* dismissal is a non-merits based decision akin to a dismissal for lack of jurisdiction). This conclusion is also expressly supported under decisional law declining prevailing party status under Section 505. *See Cadkin v. Loose,* 569 F.3d 1142, 1147 (9th Cir. 2009) ("*Cadkin*"); *Torres-Negron v. J & N Records, LLC,* 504 F.3d 151, 164 (1st Cir. 2007) (holding the material alteration test applies to copyright claims and concluding that a dismissal for lack of subject

matter jurisdiction does not confer prevailing party status).  The Court would have to distinguish the foregoing decisions in order to justify finding that the Defendant is likely to succeed on the merits of a request for an award of attorneys' fees and costs based upon a decision to grant his pending dismissal request for lack of subject matter jurisdiction under Rule 12(b)(1).

Even if the Court decides the Defendant has successfully traversed the above-identified subject matter jurisdictional issues, the Defendant has failed to demonstrate a cognizable threat of irreparable harm if injunctive relief is not entered based on the speculative belief that Righthaven's financial condition will preclude the recovery of litigation costs incurred by him. It is well settled that the costs of litigation do not constitute irreparable harm. *See Van Cauwenberghe v. Baird,* 486 U.S. 517, 529 (1988); *Federal Trade Comm'n v. Standard Oil Co.,* 449 U.S. 232, 244 (1980); *Renegotiation Board v. Bannercraft Clothing Co.,* 415 U.S. 1, 24 (1974). In essence, the Defendant's speculative request to freeze Righthaven's assets to preserve his belief that he may prevail by obtaining an award of attorneys' fees when the dust settles could be, as noted by the Supreme Court, raised by a defendant in virtually any case. *See De Beers Consol. Mines, Ltd. v. United States,* 325 U.S. 212, 220-22 (1945) (reversing entry of an injunction that froze corporate assets) ("*De Beers*"); *accord Cohen,* 152 F.3d at 324.  In *De Beers,* the Supreme Court noted that had it affirmed the issued injunction it would support a previously unrecognized right by a potential creditor to seize asset:

> Every suitor who resorts to chancery for any sort of relief by injunction may, on a mere statement of belief that the defendant can easily make away with or transport his money or goods, impose an injunction on him, indefinite in duration, disabling him to use so much of his funds or property as the court deems necessary for security or compliance with a possible decree. And, if so, it is difficult to see why a plaintiff in any action for a personal judgment in tort or in contract may not, also, apply to the chancellor for a so-called injunction sequestrating his opponent's assets pending recovery and satisfaction of judgment in such a law action. No relief of this character has been thought justified in the long history of equity jurisprudence.

*De Beers,* 325 U.S. at 222-23.  This is precisely the improper relief sought by the Defendant under the guise that he will suffer irreparable harm by being unable to enforce a possible award of attorneys' fees and costs in this case.

The Supreme Court's observation in *De Beers* of the potential harm incurred by an enjoined party serves to underscore two other fundamental omissions from Defendant's request for injunctive relief: (1) he has failed to delineate the substantive metes and bounds of the proposed injunction he is seeking from the Court; and (2) he has failed to even mention the amount of a bond that should be required under Federal Rule of Civil Procedure 65(c) ("Rule 65(c)") in the event the Court grants his request for injunctive relief.  With regard to form of injunctive relief requested, Defendant has requested Righthaven be enjoined from "disgorging both liquid assets and intangible personal property – its domain names, trademarks, service marks and allegedly owned copyrights . . . ." (Doc. # 39 at 1.)  Defendant also makes passing reference to enjoining "monetary assets." (*Id* at 16.)  But nowhere in the Motion does the Defendant set forth what conduct is and what conduct is not within the scope of his requested beyond alluding to a general prohibition against "disgorging" or "dissipating" these assets. Despite Defendant's nebulous request to enjoin Righthaven from "disgorging" or "dissipating" assets, he maintains the company "will still be able to sue on these copyrights, and will not be prevented from conducting its business . . . ." (*Id.*)  This makes absolutely no sense whatsoever. If the Defendant is asking for an injunction prohibiting Righthaven from dissipating its "monetary assets," Righthaven cannot continue conducting business if it cannot pay its operating expenses.  Neither Righthaven nor the Court should be obligated to ferret out the parameters of injunctive relief requested by the Defendant.  Rather, the obligation to describe the enjoined conduct with particularity as required under Federal Rule of Civil Procedure 65(d)(1) ("Rule 65(d)(1)") should be the Defendant's burden as the moving party.

Similarly, Defendant has provided absolutely no discussion as to the amount he should be required to post as security if the Court grants his request for injunctive relief.  The amount of security set by the Court under Rule 65(c) is to protect Righthaven against an erroneously issued preliminary injunction.  *See W.R. Grace & Co. v. Rubber Workers,* 461 U.S. 757, 770 n.14 (1983); *Russell v. Farley,* 105 U.S. 433, 437-38 (1882).  "When setting the amount of security, district courts should err on the high side." *Mead Johnson & Co. v. Abbott Labs.,* 201 F.3d 883, 888 (7th Cir. 2000).  Failing to do so exposes the enjoined party to irreparable harm because its

recovery of damages is limited to the amount of security required by the Court.  *See id.*  Here, the Defendant asks the Court to issue an injunction directed toward its "monetary assets" and its "liquid assets and intangible personal property," which include valuable intellectual property rights in and to its service mark, domain name, trademark, and assigned copyrights. (Doc. # 39 at 1, 16.)  Thus, Defendant is essentially requesting an injunction spanning the entirety of Righthaven's assets that, contrary to Defendant's assertion, would cripple the company's operations.  Given the apparent scope of the injunctive relief requested by the Defendant, which includes a monetary, tangible and intangible asset freeze, Righthaven ask for a bond in the amount of at least $300,000 to $500,000.

In sum, the Defendant's Motion presents a cornucopia of counterintuitive legal arguments as to why this Court has sufficient subject matter jurisdiction to issue injunctive relief, while concurrently concluding that he stands a likelihood of success on the merits of obtaining dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  Even if this jurisprudential quagmire is survived, the Defendant still cannot traverse cited authority from a variety of jurisdictions that prohibit an award of attorneys' fees and costs upon a finding that subject matter jurisdiction is lacking.  Moreover, the nature of the harm sought to be protected against, which is a potential monetary judgment in the form of his incurred litigation costs, does not constitute irreparable harm.  Even if the Court were to find otherwise, Defendant has failed to describe what he is seeking to enjoin with any degree of particularity. In fact, Defendant's counterintuitive logic is demonstrated once again through his apparent request to enjoin all monetary, tangible and intangible assets from being "dissipated" while he concurrently asserts that Righthaven would still be able to continue business operations. (Doc. # 39 at 1, 16.)  Should these parameters be defined adequately enough so that the Court believes it has an enforceable order it is willing to issue, Defendant's Motion contains absolutely no discussion as to the security he should be required to post pursuant to Rule 65(c).  Accordingly, each of the above-identified issues independently justifies denying Defendant's Motion.

## II. STANDARDS GOVERNING ISSUANCE OF INJUNCTIVE RELIEF

"As a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *SCFC ILC, Inc. v. Visa USA, Inc.,* 936 F.2d 1096, 1098 (10th Cir. 1991); *accord United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. V. Enter. Mgmt. Consultants, Inc.,* 83 F.2d 886, 888-89 (10th Cir. 1989) ("Because it constitutes drastic relief to be provided with caution, a preliminary injunction should only be granted in cases where the necessity for it is clearly established."). Injunctive relief pursuant to Rule 65 requires the moving party to demonstrate: (1) that he or she has a substantial likelihood of success on the merits; (2) that irreparable injury would be suffered unless the injunction issues; (3) the threatened injury outweighs the whatever harm the proposed injunction may cause the non-moving party; and (4) that issuance of the injunction would not be adverse to the public interest. *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1188 (10th Cir. 2003).

The Tenth Circuit has "identified the following three types of specifically disfavored preliminary injunctions . . .: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all of the relief that it could recover at the conclusion of a full trial on the merits." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft,* 389 F.3d 973, 977 (10th Cir. 2004) (*en banc*). These types of injunctions do not preserve the status quo, but rather disturb it. *Id.* In order to grant relief under any of the three disfavored preliminary injunctions, the moving party must make a heightened showing that the exigencies of the case support granting of a remedy that is extraordinary even in the normal course. *Id.* at 979; *see also Roda Drilling Co. v. Siegal,* 552 F.3d 1203, 1209 (10th Cir. 2009). Thus, a moving party, however, must demonstrate a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of the harms. *Id.* at 975-96.

The Tenth Circuit has further "explained that the status quo is 'the last uncontested status between the parties which preceded the controversy until the outcome of the final hearing.'" *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.,* 269 F.3d 1149, 1155 (10th Cir. 2001) (quoting *SCFC ILC, Inc.,* 936 F.2d at 1100 n.8.). The Tenth Circuit characterizes an injunction

8

as mandatory if the requested relief "affirmatively require(s) the nonmovant to act in a particular

way, and as a result . . . place(s) the issuing court in a position where it may have to provide

ongoing supervision to assure the nonmovant is abiding by the injunction." *Schrier v. University*

*of Colorado,* 427 F.3d 1253, 1261 (10th Cir. 2005) (internal quotations and citations omitted)

(determining an injunction that required the defendant university to reinstate plaintiff to his

position as Chair of the Department of Medicine constituted a mandatory injunction).

Application of the foregoing standards to the Defendant's Motion demonstrates that he

has failed to justify issuance of the requested injunctive relief.

### III.   ARGUMENT
#### A.   The Defendant Has Failed To Demonstrate The Court Has Sufficient Subject Matter Jurisdiction To Grant Injunctive Relief.

The Defendant is not entitled to injunctive relief because he has failed to demonstrate the

Court is vested with sufficient subject matter jurisdiction to empower it to grant such relief.  In

fact, the Defendant has steadfastly argued the Court lacks subject matter jurisdiction over this

dispute in moving to dismiss pursuant to Rule 12(b)(1) and in arguing that he stands a likelihood

of success on the merits of a potential award of attorneys' fees.

A party seeking injunctive relief must establish the Court has subject matter jurisdiction.

*See Cohen,* 152 F.3d at 325; *Enterprise Int'l, Inc.,* 762 F.2d at 470.  Federal Rule of Civil

Procedure 65 ("Rule 65") does not authorize an independent basis for subject matter jurisdiction.

In fact, when subject matter jurisdiction is in dispute a prima facie showing of subject matter

jurisdiction is insufficient to justify entry of injunctive relief. *See Savoie v. Merchants Bank,* 84

F.3d 52, 57 (2d Cir. 1996).

Here, not only is subject matter jurisdiction in dispute, ***but the Defendant's asserted***

***likelihood of success is expressly predicated on the lack of subject matter jurisdiction.*** Thus, by

seeking affirmative injunctive relief, Defendant must be necessarily asserting the Court has some

degree of subject matter jurisdiction over this case.  This is directly contrary to the Defendant's

request for dismissal under Rule 12(b)(1).  If subject matter is present, Defendant's Rule 12(b)(1)

dismissal request must be denied.  This would necessitate the Defendant to demonstrate a

likelihood of success on ground other than an award of attorneys' fees upon a dismissal for lack

of subject matter jurisdiction.  This he has not done.  Accordingly, should the Court grant the Motion, it must necessarily be vested with subject matter jurisdiction sufficient to adjudicate the merits of Righthaven's copyright infringement claim.  Defendant cannot escape this jurisdictional quagmire that has been created by asking the Court to issue injunctive relief in a case where he contends subject matter jurisdiction is absent.

### B.   The Defendant Is Requesting A Mandatory Injunction And He Has Failed To Demonstrate Heightened Exigencies Warrant Such Relief.

The Defendant is asking for the status quo to be altered between the parties based on his request for an injunction that prohibits Righthaven from dissipating its monetary, tangible and intangible assets until the conclusion of this case. (Doc. # 39 at 1, 16.)  This constitutes a mandatory injunction that requires the Defendant to demonstrate heightened exigencies entitle him to such relief. *See O Centro Espirita Beneficiente Uniao Do Vegetal,* 389 F.3d at 975-79. Defendant has failed to make such a showing.

As noted above, the Tenth Circuit has "identified the following three types of specifically disfavored preliminary injunctions . . .: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all of the relief that it could recover at the conclusion of a full trial on the merits." *Id.* at 977.  These types of injunctions do not preserve the status quo, but rather disturb it. *Id.*

The "status quo is 'the last uncontested status between the parties which preceded the controversy until the outcome of the final hearing.'" *Dominion Video Satellite, Inc.,* 269 F.3d at 1155 (quoting *SCFC ILC, Inc.,* 936 F.2d at 1100 n.8.).  An injunction is characterized as mandatory if the requested relief "affirmatively require(s) the nonmovant to act in a particular way, and as a result . . . place(s) the issuing court in a position where it may have to provide ongoing supervision to assure the nonmovant is abiding by the injunction." *Schrier,* 427 F.3d at 1261 (internal quotations and citations omitted) (determining an injunction that required the defendant university to reinstate plaintiff to his position as Chair of the Department of Medicine constituted a mandatory injunction).

Here, the Defendant is asking that Righthaven affirmatively be required to refrain from conduct that it has otherwise been permitted to engage in during its normal business operations. (Doc. # 39 at 1, 16.)  For instance, the Defendant is seeking to enjoin Righthaven from dissipating its monetary assets. (*Id.* at 16.)  Spending money on its operating expenses certainly appears to fall squarely within the ambit of dissipating its monetary assets – particularly given the Defendant's wholly speculative characterization of the company as being "an organization that has reached critical mass and now is imploding, quickly." (Doc. # 39 at 9.)  The mandatory nature of Defendant's requested injunction is also readily apparent through his request that Righthaven deposit its assets "to this Court to be held as a bond or a trust." (*Id.* at 10.)  This clearly asks for Righthaven to take affirmative action otherwise not required of it. Accordingly, Defendant's requested relief constitutes a mandatory injunction for which he has failed to demonstrate any heightened exigencies to support its issuance.  In fact, Defendant's arguments that Righthaven can somehow continue to its normal business operations despite issuance of the requested relief illustrates that no exigencies exist in this case to that would otherwise justify granting a mandatory injunction.

### C. The Defendant Has Failed To Demonstrate A Likelihood Of Success On The Merits.

Turning to the likelihood of success factor, Defendant has failed to demonstrate two essential elements for potentially recover attorneys' fees and costs in this action. First, the Defendant has failed to demonstrate that he will prevail on his request for dismissal for lack of subject matter jurisdiction. Second, the Defendant has failed to demonstrate that he is entitled to an award of attorneys' fees and costs following a dismissal for lack of subject matter jurisdiction. As noted above, under no circumstances has the Defendant shown a likelihood of success under the heightened exigency standards required for issuance of a mandatory injunction, which is exactly what he requests. *See O Centro Espirita Beneficiente Uniao Do Vegetal,* 389 F.3d at 975-79. Accordingly, the Defendant has failed to satisfy the first factor supporting issuance of injunctive relief.

### 1. The Defendant does not enjoy a likelihood of success on his request for dismissal for lack of subject matter pursuant to Rule 12(b)(1).

The threshold requirement for the Defendant for the likelihood of any success in this case is predicated on the Court granting his request for dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). (Doc. ## 11-12, 20.) Absent dismissal for lack of subject matter jurisdiction, the Defendant has presented absolutely no basis for the Court to conclude that he would potentially qualify for an award of attorneys' fees and costs in this case. As discussed above, the Court must have subject matter jurisdiction in order to grant the relief requested by the Defendant. *See Cohen,* 152 F.3d at 325; *Enterprise Int'l, Inc.,* 762 F.2d at 47.  In fact, the party seeking injunctive relief bears the burden of establishing subject matter jurisdiction sufficient to authorize such relief because Rule 65 does not grant an independent basis for jurisdiction. *Id.* Where there subject matter is in dispute, such as in this case, the moving party cannot rely upon a mere prima facie showing of subject matter jurisdiction in order to be entitled to injunctive relief. *See Savoie,* 84 F.3d at 57.

The Defendant apparently did not fully appreciate that in order to grant his Motion, the Court must have sufficient subject matter jurisdiction over this action to issue injunctive relief. The very fact that the Defendant is asking the Court to issue injunctive relief contradicts his own claim that subject matter is clearly absent over this case, thereby warranting dismissal pursuant to Rule 12(b)(1).  Prevailing under these circumstances would require the Defendant to successfully walk an unprecedented jurisdictional tightrope. It is much more likely that the Defendant unwittingly placed himself in an inescapable jurisdictional Catch-22 by filing his Motion.

Separate and apart from the jurisdictional quandary created by the Defendant's Motion, Righthaven has set forth numerous arguments as to why his request for dismissal under Rule 12(b)(1) should be denied.  (Doc. # 23.) Rather than replicate its arguments in this submission, Righthaven expressly incorporates its arguments contained in its opposition to the Defendant's motion to dismiss into this preliminary injunction opposition.  Righthaven maintains that dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is unwarranted.  At a minimum, there are significant issues raised as to whether dismissal for lack of subject matter

jurisdiction is appropriate given the parties' respective arguments.  This uncertainty given the issues before the Court simply does not support a finding that the Defendant has demonstrated a likelihood of success as to his dismissal request sufficient to justify issuing the requested injunctive relief.  Accordingly, the Motion should be denied.

> **2.  Even if the Defendant succeeds in obtaining dismissal for lack of subject matter pursuant to Rule 12(b)(1) that does not mean he enjoys a likelihood of success in recovering attorneys' fees and costs.**

The Defendant has unquestionably placed himself in a precarious position by asking the Court to issue injunctive relief in a case where he has asserted an absence of subject matter jurisdiction. Even if he somehow persuades the Court that it can grant his Motion and also dismiss this action for lack of subject matter jurisdiction, this still does not mean he enjoys a likelihood of success in being awarded attorneys' fees and costs upon entry of such a dismissal. In fact, despite the order entered in *Hoehn*, considerable authority from a variety of jurisdictions has determined that an award of attorneys' fees is improper upon dismissal for lack of subject matter jurisdiction.

As discussed earlier in this submission, once subject matter is found not to exist a court cannot award attorneys' fees to a party unless it is a sanction. *See Brereton,* 434 F.3d at 1216 ("[T]he court having determined that it lacks subject matter jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original); *see also Skaff,* 506 F.3d at 837 (stating that "a court that lacks jurisdiction at the outset lacks the authority to award attorneys' fees."); *Hudson,* 260 F.3d at 1363 ("This court and others have established that there cannot be an award of attorneys' fees unless the court has jurisdiction of the action."); *Senatore,* 18 F.3d at 64 ("Where there is no subject matter jurisdiction to proceed with the substantive claim, as a matter of law 'that lack of jurisdiction bars and award of attorneys fees under [42 U.S.C. §] 1988.") (internal brackets omitted); *87 Skyline Terrace,* 26 F.3d at 927 n.6 (9th Cir. 1994) (listing cases holding that "subject matter jurisdiction is a condition precedent to an award of fees under the EAJA"); *Branson,* 62 F.3d at 293 (declining to confer prevailing party status under 42 U.S.C. § 1988 where subject matter

jurisdiction was lacking); *Clark,* 959 F.2d at 810 ("Subject matter jurisdiction to decide the merits of the underlying action is a condition precedent to an award of fees or costs under the EAJA." (internal quotations omitted); *Johnson-Manville Corp.,* 893 F.2d at 328 (finding a lack of subject matter jurisdiction barred fee award); *Lane,* 727 F.2d at 20-21 (determining that a want of subject matter jurisdiction precluded an award of fees). This Court recently determined that Righthaven's litigation conduct in a much more contentiously litigated and widely reported did not warrant an award of attorneys' fees and costs as a sanction *See Hill,* No. 1:11-cv-00211-JLK (Doc. # 43). Thus, Righthaven asserts that the Court is not empowered to award the Defendant attorneys' fees and costs in this case. Granted the *Hoehn* decision concluded otherwise, but that decision also failed to substantively address any of the above-cited decisions. Righthaven is confident this Court will not simply follow the lead of an opinion that is completely devoid of any substantive analysis.

Even if the Court were to find that it is has authority to award attorneys' fees despite the lack of subject matter jurisdiction, the Defendant still cannot constitute a "prevailing party" under Rule 54(d) or under Section 505. The Tenth Circuit has apparently not addressed whether "prevailing party" status is conferred upon a defendant who obtains secures a dismissal without prejudice for lack of subject matter jurisdiction. Other circuits, however, have squarely held that a defendant does not qualify as a "prevailing party" when a case is dismissed without prejudice for lack of subject matter jurisdiction. *See Miles,* 320 F.3d at 988; *Hygenics Direct Co.,* 33 Fed. Appx. at 625 (affirming district court's denial of costs where subject matter jurisdiction was absent because the defendant had not "prevailed . . . on any issue that is fundamental to the action."); *Szabo Food Serv. Inc.,* 823 F.2d at 1076-77 (holding that defendant was not a "prevailing party" where complaint was dismissed without prejudice because "dismissal without prejudice . . . does not decide the case on the merits . . .."); *cf Dattner,* 458 F.3d at 102-03 (recognizing that a *forum non conveniens* dismissal is a non-merits based decision akin to a dismissal for lack of jurisdiction).

Likewise, "prevailing party" status under Section 505 has been rejected when a copyright infringement action is dismissed without prejudice. *See Cadkin,* 569 F.3d at 1147; *Torres-*

*Negron,* 504 F.3d at 164 (holding the material alteration test applies to copyright claims and concluding that a dismissal for lack of subject matter jurisdiction does not confer prevailing party status). Specifically, Section 505 permits a "prevailing party" to recover reasonable attorneys' fees and costs. 17 U.S.C. § 505. Thus, a district court's discretion to award attorneys' fees under Section 505 is only "triggered if the party in fact prevailed on the copyright claim." *Cadkin,* 569 F.3d at 1147. In *Cadkin,* the Ninth Circuit adopted the "material alteration" test established by the Supreme Court in *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.,* 532 U.S. 598 (2001) ("*Buckhannon*")[1] to determine whether a litigant qualifies for "prevailing party" status under Section 505. *Id.* at 1149. In doing so, the Ninth Circuit held that a copyright infringement claim voluntarily dismissed without prejudice did not qualify the dismissed party for "prevailing party" status under Section 505. *Id.* at 1149-50. As a result, the Ninth Circuit reversed the district court's award of attorneys' fees and costs under Section 505. *Cadkin,* 569 F.3d at 1150. Here, despite Defendant's arguments to the contrary, he would not qualify as a "prevailing party" under Section 505 if the Court were to grant his 12(b)(1) dismissal request. This precludes a finding that he enjoys a likelihood of success on these grounds for purposes of granting his request for injunctive relief.

Moreover, the dismissal of a copyright infringement claim for lack of subject matter jurisdiction has expressly be held to not confer "prevailing party" status under Section 505 in view of *Buckhannon. See Torres-Negron,* 504 F.3d at 164 (holding the material alteration test applies to copyright claims and concluding that a dismissal for lack of subject matter jurisdiction does not confer prevailing party status). As noted by one highly regarded copyright scholar, in order to qualify as a "prevailing party" after *Buckhannon* one must obtain a judgment on the merits. *See* 4-14 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 14.10[B] ("[S]ince the Supreme Court's decision in [*Buckhannon*], it has been held that a prevailing party can only be one who `secure[d] a judgment on the merits or a court-ordered consent decree.'" (quoting *Chambers v. Time Warner, Inc.,* 279 F.Supp.2d 362, 365 (S.D.N.Y. 2003)).

---

[1] The Supreme Court has defined a "prevailing party" as one who has obtained an enforceable judgment on the merits or a court-ordered consent decree. *Buckhannon,* 532 U.S. at 603-05.

Courts of appeal from a vast array of circuits have determined that a dismissal for lack of jurisdiction does not constitute an adjudication on the merits. *See GHK Exploration Co. v. Tenneco Oil Co.,* 857 F.2d 1388, 1392 (10th Cir.1988) ("[A] court-ordered dismissal for lack of subject matter jurisdiction is also not a decision on the merits ...."); *see also Stalley v. Orlando Reg. Healthcare Sys., Inc.,* 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."); *Miles,* 320 F.3d at 988 (dismissal for lack of subject matter jurisdiction does not qualify for prevailing party status); *Wages v. IRS,* 915 F.2d 1230, 1234 (9th Cir.1990) ("A jurisdictional dismissal is not a judgment on the merits."); *cf. Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1188 (11th Cir.2003) (stating that a dismissal for lack of subject matter jurisdiction "plainly is not an adjudication on the merits that would give rise to a viable res judicata defense").

As the above cases demonstrate, should the Court dismiss Righthaven's Complaint for lack of subject matter jurisdiction, such a dismissal would not constitute an adjudication on the merits required to confer "prevailing party" status in order to permit the Defendant to recover attorneys' fees and costs.  Therefore, a dismissal for lack of subject matter jurisdiction would preclude the Defendant from qualifying as a "prevailing party", which would bar him from recovering attorneys' fees and costs under Section 505. *See Torres-Negron,* 504 F.3d at 164. Accordingly, Defendant's alleged potential recovery of attorneys' fees and costs under Section 505 cannot be relied upon as grounds for finding that he enjoys a likelihood of success on the merits necessary to grant his request for injunctive relief.

In sum, if the Defendant were to secure dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the lack of jurisdiction would prohibit the Court from entering an award of attorneys' fees and costs on any other basis than its power to issue sanctions against a party.  The Court has already substantively analyzed and declined to impose an award of attorneys' fees and costs as a sanction for Righthaven's alleged bad faith litigation conduct. *See Hill,* No. 1:11-cv-00211-JLK (Doc. # 43).  Moreover, the above-cited cases demonstrate that if this case were dismissed for lack of subject matter jurisdiction, the Defendant would not qualify as a "prevailing party" under Rule 54(b) or Section 505.  Accordingly, even if the Court were to

assume that the Defendant prevailed on his Rule 12(b)(1) dismissal request, he still would not be entitled to an award of attorneys' fees and costs.  This conclusion is fatal to his ability to demonstrate a likelihood of success on the merits in order to grant the Motion and issue injunctive relief.

>    **D.    The Defendant Has Failed To Demonstrate He Would Be Irreparably Harmed If Injunctive Relief Does Not Issue.**

Turning next to the issue of irreparable harm, the Defendant cannot establish that he meets this criterion given his potential future status as an unsecured judgment creditor based on an award of attorneys' fees and costs.  The Defendant's contention he has made a substantial showing that he will not be made whole upon final resolution of this case based the alleged dissipation of Righthaven's assets does not alter this conclusion. (Doc. # 39 at 8-9.)

The Supreme Court has expressly held that a district court does not have authority to issue a preliminary injunction preventing the disposition of assets pending adjudication of a pending claim for monetary damages. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308, 333 (1999).  In so holding, the Supreme Court elected to follow the "well established general rule that a judgment establishing the debt was necessary before a court of equity would interfere with the debtor's use of his property." *Id.* at 321. The Supreme Court further noted in its decision that "the rule requiring a judgment was historically regarded as serving, not merely the procedural end of exhaustion of legal remedies (which the merger of law and equity could render irrelevant), but also the substantive end of giving the creditor an interest in the property which equity could then act upon." *Id.* at 323. This is consistent with the Supreme Court's rational in *De Beers*:

>    Every suitor who resorts to chancery for any sort of relief by injunction may, on a mere statement of belief that the defendant can easily make away with or transport his money or goods, impose an injunction on him, indefinite in duration, disabling him to use so much of his funds or property as the court deems necessary for security or compliance with a possible decree. And, if so, it is difficult to see why a plaintiff in any action for a personal judgment in tort or in contract may not, also, apply to the chancellor for a so-called injunction sequestrating his opponent's assets pending recovery and satisfaction of judgment in such a law action.

> No relief of this character has been thought justified in the long history of equity jurisprudence.

*De Beers,* 325 U.S. at 222-23.

Circuit courts have interpreted the Supreme Court's decision in *Grupo Mexicano* to require some nexus between the assets sought to be frozen through an interim order and the ultimate relief requested in the lawsuit to in justify issuance of a preliminary injunction freezing assets. *See In re Focus Media Inc.,* 387 F.3d 1077, 1084-85 (9th Cir. 2004); *CSC Holdings, Inc. v. Redisi,* 309 F.3d 988, 996 (7th Cir. 2002); *United States v. Oncology Assocs., P.C.,* 198 F.3d 489, 496 (4th Cir. 1999).  As stated by the Fourth Circuit in affirming the issuance of preliminary injunction freezing assets in *Oncology Assocs., P.C.*:

> When the plaintiff creditor asserts a cognizable claim to specific assets of the defendant or seeks a remedy involving those assets, a court may in the interim invoke equity to preserve the *status quo* pending judgment where the legal remedy might prove inadequate and the preliminary relief furthers the court's ability to grant the final relief requested. This nexus between the assets sought to be frozen through an interim order and the ultimate relief requested in a lawsuit is essential to the authority of a district court in equity to enter a preliminary injunction freezing assets.

*Oncology Assocs., P.C.,* 198 F.3d at 496-97.

Here, the Defendant's claimed irreparable harm is based upon his inability to collect a potential award of attorneys' fees and costs at the conclusion of this case because of Righthaven's alleged financial instability.  (Doc. # 39.) Thus, the Defendant is nothing more than a potential unsecured creditor of a monetary award that has not been reduced to a judgment.  As such, the Defendant does not have a claim or interest in and to the specific assets that he seeks to freeze to guard against him purportedly suffering irreparable harm.  Defendant's alleged irreparable harm is clearly barred by the above-cited decisions.  Accordingly, Defendant cannot establish that he would suffer irreparable absent issuance of an injunction, thereby requiring denial of his Motion.

### E.    The Balance Of The Hardships Tips In Favor Of Righthaven.

Defendant also cannot demonstrate that the balance of the hardships tips in his favor.  In fact, the balance of the hardships tips in favor of Righthaven.

As discussed in the previous section, the Defendant is a potential unsecured judgment creditor with absolutely no interest in the assets that he seeks to freeze through issuance of a preliminary injunction.  The Court cannot enter such equitable relief given these circumstances.  *See Grupo Mexicano de Desarrollo, S.A.,* 527 U.S. at 333; *De Beers,* 325 U.S. at 222-23; *In re Focus Media Inc.,* 387 F.3d at 1084-85; *CSC Holdings, Inc.,* 309 F.3d at 996; *Oncology Assocs., P.C.,* 198 F.3d at 496.  As such the Defendant stands no cognizable risk of hardship if the Court does not issue injunctive relief.

In contrast, Righthaven would improperly have its monetary, tangible and intangible assets frozen by a potential unsecured judgment creditor with no interest in these assets.  Such an injunction would certainly impair Righthaven's ability to continue its business operations, which in and of itself subjects the company to irreparable injury. *Petereit v. S.B. Thomas, Inc.,* 63 F.3d 1169, 1186 (2d Cir. 1995) ("Major disruption of a business can . . . constitute irreparable injury."); *Semmes Motors, Inc. v. Ford Motor Co.,* 429 F.2d 1197, 1205 (2d Cir. 1970); *see also Nokota Horse Conservancy, Inc. v. Bernhardt,* 666 F. Supp. 2d 1073, 1080 (D. N. D. 2009) (noting that the loss of an ongoing business cannot be compensated by subsequent monetary damages); *Paschall v. Kansas City Star Co.,* 441 F. Supp. 349, 357-59 (W.D. Mo. 1977). Moreover, the unique nature of the intangible assets the Defendant asks to be frozen clearly exposes Righthaven to irreparable injury. Accordingly, the balance of the hardships tips in favor of Righthaven – not in favor of the Defendant.  This conclusion further supports denying Defendant's Motion.

## F.   The Public Interest Would Not Be Served By Issuing The Requested Injunction.

Contrary to the Defendant's assertions, the public interest would not be served by issuing the requested injunction.

As argued extensively above, the Defendant is not entitled to a preliminary injunction for a host of reasons.  He has not established the Court has subject matter jurisdiction necessary to grant him such relief.  In fact, the Defendant asserts he is entitled to injunctive relief based on this likely dismissal of this action for lack of subject matter jurisdiction pursuant to Rule

12(b)(1). The Defendant is also not entitled to an award of attorneys' fees and costs should this case be dismissed for lack of subject matter jurisdiction.  Moreover, the Defendant is at best a potential unsecured judgment creditor of Righthaven without an interest in the assets that he seeks to freeze through the requested preliminary injunction.  Granting the Defendant relief under these circumstances does not serve the public interest because it would eviscerate the reliability of the wealth of authority cited by Righthaven.  Accordingly, the Defendant should not be found to have satisfied the public interest factor in order to support granting his Motion.

> **G.    Defendant Has Failed To Sufficiently Delineate The Conduct He Seeks To Enjoin Or Address The Security Applicable Should His Relief Be Granted.**

In injunctive relief, the Defendant has failed to sufficiently identify the conduct that he seeks to enjoin.  The Defendant has also failed to address the amount of security that should be required should the Court somehow determine that he is entitled to the relief requested.  These shortcomings further justify denying the Defendant's Motion.

With regard to form of injunctive relief requested, Defendant has requested a completely nebulous form of relief.  In this regard, the Defendant has asked the Court to enjoin Righthaven from "disgorging both liquid assets and intangible personal property – its domain names, trademarks, service marks and allegedly owned copyrights . . . ." (Doc. # 39 at 1.)  The Defendant additionally makes passing reference to enjoining "monetary assets." (*Id* at 16.)  But nowhere in the Motion does the Defendant set forth what conduct is and what conduct is not within the scope of his requested beyond alluding to a general prohibition against "disgorging" or "dissipating" these assets. Given these circumstances it is questionable as to whether the Court to fashion an enforceable order granting the Defendant relief under Rule 65. *See Reliance Ins. Co. v. Mast Const. Co.,* 159 F.3d 1311, 1315-16 (10th Cir. 1998) (noting that Rule 65(d) requires injunctive relief orders to describe the enjoined conduct in reasonable detail).

Despite Defendant's undefined request to enjoin Righthaven from "disgorging" or "dissipating" assets, he maintains the company "will still be able to sue on these copyrights, and will not be prevented from conducting its business . . . ." (*Id.*)  This counterintuitive to the broad, sweeping injunction the Defendant seeks to impose. If the Defendant is asking for an injunction

prohibiting Righthaven from dissipating its "monetary assets," Righthaven cannot continue conducting business if it cannot pay its operating expenses. Neither Righthaven nor the Court should be obligated to ferret out the parameters of injunctive relief requested by the Defendant. Rather, the obligation to describe the enjoined conduct with particularity as required under Rule 65(d)(1) should be the Defendant's burden as the moving party.

Likewise, the Defendant has dedicated absolutely no discussion as to the amount of security the Court should require under Rule 65(d) to guard against Righthaven suffering irreparable harm if the injunction is determined to be improper. *See W.R. Grace & Co.,* 461 U.S. at 770 n.14; *Russell,* 105 U.S. at 437-38; *Mead Johnson & Co.,* 201 F.3d at 888. Since Righthaven's recovery would be limited to the amount of such security, the Court should err on the high end of the amount determined to be applicable. *See Mead Johnson & Co.,* 201 F.3d at 888.

Here, the Defendant is apparently so intent on depicting Righthaven as some evil copyright enforcement empire that must be stopped at all any cost; he has neglected to provide the Court with any guidance on the key issue of applicable security under Rule 65(d). Righthaven asserts that if the Court decides to grant the Defendant's Motion, he should be required to post security in the range of $300,000 to $500,000. Righthaven supports this calculation based upon at least the number of cases that would be impacted in this District by such a finding, which consists of 35 cases. These cases would be disinclined to settle their claims if injunctive relief were entered and subsequently determined to be improper. Such an injunction would further impact Righthaven's pending cases in the District of Nevada, which currently stand at approximately a dozen. These cases would also seek to rely upon this Court's issuance of injunctive relief as a means for refusing to settle the claims against them. Moreover, Righthaven would have its monetary, tangible and intangible assets frozen if the Defendant's Motion is granted. This asset freeze clearly subjects Righthaven to irreparable harm that is virtually impossible to definitely calculate. Accordingly, Righthaven requests the Court require the Defendant post security in the range of $300,000 to $500,000 should it grant Defendant's Motion.

IV.     CONCLUSION

For the foregoing reasons, Righthaven respectfully requests the Court deny the Defendant's Motion and enter such other relief as it deems just and proper.

Dated this 15th day of September, 2011.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO ESQ.
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701

*Attorney for Plaintiff Righthaven LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this 15th day of September, 2011, I caused a copy of the **RIGHTHAVEN LLC'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION WITH CERTIFICATE OF SERVICE** to be to be served by the Court's CM/ECF system.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851
shawn@manganolaw.com