IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:11-cv-00830

RIGHTHAVEN, LLC,

        Plaintiff,

v.

LELAND WOLF, an individual, and
IT MAKES SENSE BLOG, an entity of unknown
origin and nature

        Defendants.

## AFFIDAVIT OF J. MALCOLM DEVOY IV IN SUPPORT OF DEFENDANT'S APPLICATION FOR FEES

I, J. MALCOLM DEVOY IV hereby declare as follows:

    1.    I am a duly licensed attorney in Nevada and a member of the Nevada bar in good standing, an attorney with Randazza Legal Group (hereinafter, the "Firm") and, with Marc J. Randazza, Jason A. Fischer and Andrew J. Contiguglia, have been counsel of record for Defendants Leland Wolf ("Wolf") and the It Makes Sense Blog (the "Blog") in this action.

    2.    I have personal knowledge of the matters set forth herein.

    3.    The invoice attached as Exhibit A is a true and correct copy of an invoice for all of the legal fees and costs Wolf has incurred in retaining the Firm since his representation commenced.

4. This invoice was created using the Firm's Bill4Time timekeeping service; the time upon which Wolf's invoice was calculated was entered by attorneys Marc Randazza, Jason Fischer and myself.

5. As specified on page 15 of Exhibit A, Wolf has incurred $ 1,000.85 in hard costs during the scope of the Firm's representation in this matter.

6. As specified on page 15 of Exhibit A, Wolf has incurred $ 28,847.50 in legal fees during the Firm's representation in this matter.

7. The invoice attached as Exhibit B is a true and correct copy of an invoice for all of the legal fees and Wolf has incurred from Andrew Contiguglia, local counsel for Randazza Legal Group, in this action.

8. The total amount of fees owed to Mr. Contiguglia is $ 3,300.00 (Exh. B at 1).

9. The total costs incurred by Mr. Wolf in this action are $ 1,000.85.

10. The total legal fees incurred by Mr. Wolf in this action are $ 32,147.50.

11. I aver that the costs expended in representing Mr. Wolf were reasonable and necessary.

12. I further aver that the legal fees incurred by Randazza Legal Group and Andrew Contiguglia in representing Wolf were fair and reasonable.

13. As seen in Exhibit A, much of the substantive legal work was delegated to less expensive associates to handle, lessening Mr. Wolf's legal fees.

14. Wolf's representation began with contemporaneous Motions for Dismissal under Rule 12(b)(1) and Jurisdictional Discovery, seeking the production of documents, writings and other materials from Righthaven that would embrace Righthaven's Copyright Alliance Agreement with Media News Group, Incorporated. (Docs. # 11-14.)

15. Shortly after Wolf's Motion to Dismiss was filed, the Court stayed all other pending cases within this District, enhancing the profile and importance of this case.

16. To expedite the resolution of this dispute, Righthaven and Wolf entered into a stipulation to conduct jurisdictional discovery, wherein Righthaven would produce the documents Wolf sought to acquire through his Motion for Early Discovery. (Doc. # 16.)

17. Righthaven produced these documents to Wolf's counsel, which were incorporated into a supplemental memorandum of law filed with the Court on July 8, 2011. (Doc. # 20.)

18. On August 10, 2011, Wolf filed reply briefing with the Court regarding his Motion to Dismiss. (Doc. # 30.)

19. Throughout this time, Wolf's counsel responded to communication from their client, from opposing counsel, and from *amici* who expressed interest and sought Wolf's consent to participate in the case.

20. On August 5, Wolf's Counsel communicated with Righthaven regarding Righthaven's intention to comply with a sanctions order imposed by the District of Nevada, and inform this Court of an adverse ruling in that District.

21. Righthaven demurred, leaving Wolf to file the relevant Order with this Court. (Doc. # 27.)

22. Based on the deterioration of Righthaven's fiscal health, including the layoff of its last in-house attorney Steven Ganim (Doc. # 32), Wolf's counsel moved this Court for a Preliminary Injunction. (Doc. # 39.) Wolf Responded to Righthaven's Objection to the Motion (Doc. # 43), and attended a hearing on the Motion before this Court on September 15, 2011. (Docs. # 40, 51.)

23. Based on the extraordinary difficulty Wolf's counsel faced collecting a judgment of $3,815 in *Righthaven LLC v. Leon et al.*, Case No. 2:10-cv-01672 (D. Nev.), and is still having getting Righthaven to even post a bond for a judgment against it for $34,045.50 in attorneys' fees on an appeal Righthaven has brought to the Ninth Circuit Court of Appeals in *Righthaven v. Hoehn*, Case No. 11-16995 (9th Cir., filed July 19, 2011) (which has led Righthaven to twice seek "urgent" relief from the Ninth Circuit itself), Wolf's counsel deemed the motion timely and necessary to secure a means for recovering any judgment obtained against Righthaven, or sequestering sufficient funds for Righthaven to post a bond during its appeal of this decision to the Tenth Circuit Court of Appeals.

24. On September 20, Wolf's counsel again appeared before the Court to argue the pending Motion to Dismiss. The hearing lasted approximately 90 minutes.

25. Subsequent to the Court's September 27 Order stating that Wolf would be entitled to attorneys' fees, but prior to the Court's October 3 Order (Doc. # 53) instructing Wolf's counsel to file affidavits setting forth the fees, Wolf's counsel provided Righthaven with notice of its intention to move for fees, attempted to engage Righthaven in settlement discussions, and began preparing Wolf's Motion for Attorney's Fees.

26. On September 28, Wolf's counsel contacted Righthaven to provide notice that it would move for attorney's fees, and to offer an invitation to negotiate regarding the amount of fees due. A true and correct copy of this September 28 letter is attached hereto as Exhibit C.

27. Righthaven declined to substantively respond to the September 28 letter.

28. On September 30, 2011, Marc Randazza once again contacted Righthaven to discuss the Plaintiff's position on negotiating a fee award with Wolf. A true and correct copy of this email is attached hereto as Exhibit D.

29. Righthaven declined to respond to the September 30 e-mail.

30. On October 5, subsequent to this Court's October 3 Order (Doc. # 53), the Firm once again reached out to Righthaven and requested to engage in settlement negotiations, as the Court had strongly encouraged the parties to do so. A true and correct copy of this letter is attached hereto as Exhibit E.

31. Righthaven did respond to this letter, and its counsel Shawn Mangano stated via e-mail that Righthaven would not negotiate with Wolf. A true and correct copy of this e-mail from Righthaven's counsel is attached hereto as Exhibit F.

32. Within Righthaven's response to the Firm's final overture seeking negotiations, Righthaven accused Wolf of misrepresenting Righthaven's conduct in paying the judgment the Firm obtained against Righthaven in *Righthaven LLC v. Leon*. A review of the docket does not reveal any such misrepresentation. The sequence of events set forth in Exhibit F, however, is accurate: Righthaven satisfied the judgment by sending a check to a long-defunct address after Leon's counsel sought a preliminary injunction against Righthaven, Righthaven applied for a stay of the judgment's enforcement, and Leon's counsel responded to that application, and the Court scheduled a hearing on the Motion for Preliminary Injunction in that case, which would be vacated upon Righthaven's satisfaction of the $3,815.00 judgment. Wolf's counsel maintains that this course of action, along with Righthaven's protracted motion practice in *Hoehn*, is evidence of Righthaven's extreme aversion to satisfying its judgments – even through posting supersedeas bonds – and hesitation to act unless forced to do so.

33. Subsequently, Righthaven's counsel stated that it would follow up with the Firm regarding settlement of the matter, but no further communication has been received.

34. Even now, Wolf remains open to negotiation and settlement of this matter with Righthaven without consuming further judicial resources, but Righthaven seems to prefer not to engage in any substantive discussions regarding settlement of its fee liability.

35. As required by this Court's October 3 Order (Doc. # 53), disinterested experts have been retained to attest to the reasonableness of Wolf's fees.

36. Attached to this declaration is the affidavit of John Krieger, an intellectual property partner in the Las Vegas office of the national law firm Lewis & Roca LLP. Mr. Krieger's sworn declaration attests to the reasonableness of the Firm's rates in the Las Vegas market and generally, given the significance and sophistication of the legal issues at bar in this case.

37. Also attached to this declaration is the affidavit of Reza Rismani, a shareholder in the Denver, Colorado firm of Treece, Alfrey, Musat & Bozworth. Rismani is a disinterested expert in this matter, and his sworn declaration attests to the reasonableness of Mr. Contiguglia's rates in the Denver market and in this action.

38. Furthermore, two decisions have established the reasonableness of the Firm's hourly rates and hours expended in representation, in overwhelmingly similar cases.

39. In *Righthaven LLC v. Leon et al.*, Case No. 2:10-cv-01672 (Doc. # 52) (D. Nev. July 5, 2011), Hon. Gloria Navarro held that my hourly rate of $275, and all of the time I spent working on the case, was reasonable, and that the attorneys' fee award should be for the full amount of time spent on the representation, at my full hourly rate.

40. Similarly, in *Righthaven LLC v. Hoehn*, Case No. 2:11-cv-00050 (Doc. # 43) (D. Nev. Aug. 15, 2011), Hon. Philip Pro found that the full rates charged by Marc Randazza and J.

Malcolm DeVoy, and all of the time they had expended on the case, were reasonable. The court in that case awarded Hoehn a judgment for the full value of his attorney's fees. *Id.*

41.     As the Court noted in its September 27 Order, this question is one of first impression within this District and Circuit, and of considerable national significance. (Doc. # 49.)

42.     Therefore, the hours accrued by Wolf's attorneys, and the hourly rates at which this time is valued, are reasonable by matter of law, and the Court is fully justified in using its discretion to award Wolf a judgment against Righthaven for his full attorneys' fees of $ 32,147.50 and costs of $ 1,000.85.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: October 14, 2011

_____
J. Malcolm DeVoy IV

County of CLARK     )
                    ) SS:
State of NEVADA     )

On this 14 Day of October 2011, James Malcolm DeVoy IV personally appeared before me to swear to the above-stated affidavit and the truth of its contents.



NOTARY PUBLIC
STATE OF NEVADA
County of Clark
C. VINO
No: 10-1176-1
My Appointment Expires Jan. 1, 2014

(Seal)

_____
Notary Public Signature
C. Vino

_____
Notary Public Name
C. Vino

My Commission Expires: 01-01-2014

7