**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:11-cv-00830-JLK

RIGHTHAVEN LLC, a Nevada limited-liability company,

Plaintiff,

v.

LELAND WOLF, an individual, and
IT MAKES SENSE BLOG, an entity of unknown origin and nature

Defendants.

---

**RIGHTHAVEN LLC'S APPLICATION TO APPEAR TELEPHONICALLY AT NOVEMBER 10, 2011 HEARING WITH CERTIFICATE OF SERVICE**

---

Plaintiff Righthaven LLC ("Righthaven") respectfully requests permission from the Court to appear telephonically at the hearing set for November 10, 2011, at 1:30 p.m. (Doc. # 62). The Court has set this hearing to discuss the reasonableness of the attorney fees claimed by Defendants Leland Wolf and the It Makes Sense Blog (collectively the "Defendants") in the Affidavit of J. Malcolm Devoy in Support of his Application for Fees (Doc. # 59). The Court's Minute Order additionally references the fact that the parties have failed to negotiate an informal settlement, which may also be discussed at the scheduled hearing. (Doc. # 62.)

As the Court is aware, Righthaven has appealed the dismissal of this action for lack of subject matter jurisdiction to the Tenth Circuit Court of Appeals. (Doc. # 56.) By way of its appeal, Righthaven seeks review of, among other things, the Court's conversion of the

Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") into one for summary judgment under Federal Rule of Civil Procedure 56 ("Rule 56"), as well as the Court's decision to dismiss this action for lack of subject matter jurisdiction. (Doc. # 49.) As part of the Court's decision, it additionally authorized the Defendants to recover attorney fees and costs as a prevailing party under 17 U.S.C. § 505 ("Section 505"). Righthaven respectfully maintains the Defendants would not be entitled to an award of attorney fees and costs under Section 505 had the Court not improperly converted their dismissal request from one brought pursuant to Rule 12(b)(1) to one under Rule 56. Accordingly, in addition to the current pending appeal in this case, Righthaven anticipates also independently appealing any award of attorney fees and costs to the Defendants. This procedural posture has also proved to be a significant impediment to Righthaven's ability to effectively explore an informal resolution to the attorney fees and costs sought by the Defendants.

In view of the foregoing, and with all due respect to the Court, Righthaven believes that it can effectively address any questions raised by at the November 10th hearing through a telephonic appearance by its counsel. Permitting counsel to appear telephonically to the November 10th hearing will, in addition to saving the costs associated with traveling to the jurisdiction, will additionally mitigate the burden on counsel's ability to address numerous pending client matters, both Righthaven-related and non-Righthaven-related, that would be exacerbated by travel time required to appear at the hearing. Righthaven has discussed this request with opposing counsel and no object has been raised to counsel's request to appear

telephonically. Righthaven's counsel respectfully requests the Court grant this accommodation given these circumstances.

However, should the Court wish to substantively discuss a the issues raised in Righthaven's OSC responses concerning the propriety of the conversion from Rule 12(b)(1) to Rule 56, or any other matter for which it believes an in person appearance by counsel is beneficial to its consideration of the issues before it, Righthaven's counsel will appear in person.

Dated this 8th day of November, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
shawn@manganolaw.com
8367 West Flamingo Road, Suite 100
Las Vegas, Nevada 89147

*Attorney for Plaintiff Righthaven LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this 8th day of November, 2011, I caused a copy of the **RIGHTHAVEN LLC'S APPLICATION TO APPEAR TELEPHONICALLY AT NOVEMBER 10, 2011 HEARING WITH CERTIFICATE OF SERVICE** to be to be served by the Court's CM/ECF system.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.