IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:11-cv-00830

RIGHTHAVEN, LLC,

        Plaintiff,

v.

LELAND WOLF, an individual, and
IT MAKES SENSE BLOG, an entity of unknown
origin and nature

        Defendants.

## RESPONSE TO PLAINTIFF'S APPLICATION TO APPEAR TELEPHONICALLY

Leland Wolf and the It Makes Sense Blog (collectively, "Wolf"), through his counsel, Contiguglia/Fazzone and Randazza Legal Group, hereby respond to the application to appear telephonically filed by Plaintiff, Righthaven LLC (hereinafter, "Righthaven") (Doc. # 41). Wolf takes no position as to whether Righthaven's counsel should be permitted to appear telephonically.[1] However, Wolf feels compelled to correct statements contained within Righthaven's application that may mislead the Court.

In its application for telephonic appearance, Righthaven's counsel contends that:

**This procedural posture has also proved to be a significant impediment to Righthaven's ability to effectively explore an informal resolution to the attorney fees and costs sought by the Defendants.**

---

[1] Righthaven's counsel states in his Application (Doc. # 63), "Righthaven has discussed this request with opposing counsel and no object has been raised to counsel's request to appear." This is untrue. This request has never been "discussed" with Wolf's counsel. Mr. Mangano, in refusing to negotiate the fee liability, simply stated "I intend to advise the Court of these circumstances in a request to appear telephonically at the hearing. If the Court intends on entertaining substantive argument as to the propriety of entering an attorneys' fee award, then I will certainly appear for the hearing in person." (Exh. F.)

(Doc. # 63 at 2.) This statement creates the appearance that the parties have substantively met and conferred regarding Righthaven's fee liability and merely have been unable to reach a compromise. That is not the case. In addition to Wolf's efforts to resolve the question of Righthaven's liability for attorneys' fees, Wolf has made further communications to Righthaven, which Righthaven has refused to meet with any substantive response. (DeVoy Decl. ¶¶ 3-5.)

Since September Wolf has attempted, repeatedly, to engage Righthaven in resolution of this matter.

- Wolf sent Righthaven a letter about this subject on September 28, 2011 (Exh. A).
- Wolf sent another e-mail to Righthaven on September 30, 2011 (Exh. B).
- Wolf sent Righthaven further correspondence on October 6 (Exh. C).
- Wolf made yet another offer of settlement to Righthaven on October 25, 2011 (Exh. D).

(See DeVoy Decl. ¶¶ 7-15.) Righthaven did not substantively respond to *any* of these attempts to resolve the fee issue. Moreover, on October 28, when its response to Wolf's fee affidavits was due to this Court, Righthaven declined to oppose the fees Wolf sought.

On November 2, 2011, Wolf **once again** contacted Righthaven's counsel, seeking an explanation for why it had failed to substantively respond to any of its four prior proposals to reach a negotiated settlement of Wolf's fee liability. (Exh. E; DeVoy Decl. ¶ 17.) Two days later, on November 4, 2011, Righthaven's counsel responded to Wolf explaining its failure to engage in any manner of negotiations with the Defendants: Righthaven did not believe that the Court of Appeals would uphold this Court's fee award. (Exh. F; DeVoy Decl. ¶ 18.) In his e-mail, Righthaven's counsel wrote:

> **there is simply no basis for Righthaven to negotiate or otherwise agree to remit payment for any amount of attorneys' fees and costs incurred in this action.** (emphasis added.)

(Exh. F.) This statement is directly counter to this Court's October 3 Order (Doc. # 53), which made it very clear that Righthaven would be paying Wolf's reasonable attorneys' fees and costs, and that the only question was the final amount.

Although Wolf has taken great efforts to respect this Court's directive to resolve the fee issue non-judicially, those efforts have been ignored or rebuffed. There have been no legitimate,

2

good faith negotiations between the parties as to Righthaven's liability for Wolf's attorneys' fees in this matter. (DeVoy Decl. ¶¶ 3-5.) Despite Wolf's many overtures to Righthaven, the Plaintiff has refused to negotiate. To date, Righthaven has not made one single offer, or counter-offer, to Wolf's numerous offers to settle this matter (Exhs. A-E).

To the extent there has been any "impediment" (Doc. # 63 at 2) to Righthaven's negotiations with Wolf, it arises from but one side of the table. The Court clearly stated that Righthaven will be liable for Wolf's reasonable attorneys' fees and costs, and admonished the parties to reach a settlement. Because Righthaven believes this Court's decision to be in error, , it refuses to enter negotiations. Wolf has diligently heeded this Court's order. Righthaven's conduct has further prolonged this litigation and compelled the currently scheduled November 10 hearing in this matter. In anticipation of this hearing, Wolf believes it is imperative for the Court to be fully apprised of its attendant circumstances, and his unrequited efforts to resolve the issue of his fees with the Plaintiff.

Respectfully submitted this 8th day of November, 2011.

                                    RANDAZZA LEGAL GROUP

                                    /s/ Marc J. Randazza
                      By: _____
                              Marc J. Randazza
                              California Bar No. 269535
                              Jason A. Fischer
                              Florida Bar No. 68762
                              J. Malcolm DeVoy IV
                              Nevada Bar No. 11950
                              7001 W. Charleston Blvd., #1043
                              Las Vegas, Nevada 89117
                              O: (888) 667-1113

                              CONTIGUGLIA / FAZZONE, P.C.

                                    /s/ Andrew J. Contiguglia
                      By: _____
                              Andrew J. Contiguglia
                              Colorado Bar No. 26901
                              44 Cook Street, Suite 100

Denver, Colorado 80206
O: (303) 780-7333

COUNSEL FOR DEFENDANTS

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:11-cv-00830

RIGHTHAVEN, LLC,

        Plaintiff,

v.

LELAND WOLF, an individual, and
IT MAKES SENSE BLOG, an entity of unknown
origin and nature

        Defendants.

**CERTIFICATE OF SERVICE**

      I certify that, on September 14, 2011, I electronically filed the foregoing **RESPONSE TO OBJECTION** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Shawn A. Mangano, Esq.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
O:  (702) 527-5909
F:  (702) 527-5909
E-mail:  shawn@manganolaw.com

This, the 8th day of November, 2011.

        Respectfully submitted,

        RANDAZZA LEGAL GROUP

By: /s/ J. Malcolm DeVoy IV
_____
Marc J. Randazza
California Bar No. 269535
Jason A. Fischer
Florida Bar No. 68762
J. Malcolm DeVoy IV
Nevada Bar No. 11950
7001 W. Charleston Blvd., #1043
Las Vegas, Nevada 89117
O: (888) 667-1113
F: (305) 437-7662

COUNSEL FOR DEFENDANTS