IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:11-cv-00830

RIGHTHAVEN, LLC,

        Plaintiff,

v.

LELAND WOLF, an individual, and
IT MAKES SENSE BLOG, an entity of unknown
origin and nature

        Defendants.

**DECLARATION OF J. MALCOLM DEVOY IV IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S APPLICATION TO APPEAR TELEPHONICALLY**

I, J. MALCOLM DEVOY IV hereby declare as follows:

    1.    I am a duly licensed attorney in Nevada and a member of the Nevada bar in good standing, attorney for the Randazza Legal Group law firm (alternatively, the "Firm"), and counsel of record with Andrew Contiguglia, Marc J. Randazza and Jason Fischer for the Defendants in this matter.

    2.    The Defendants have undertaken considerable efforts to engage in settlement negotiations with Plaintiff, Righthaven LLC ("Righthaven") through its counsel, Shawn Mangano.

    3.    Righthaven has not substantively responded to any of these offers to negotiate or compromise on the amount of attorneys' fees Righthaven owes to Mr. Wolf.

    4.    Righthaven has not engaged in any negotiation of fees with the Defendants in this

matter.

5. To date, Righthaven has not made a single offer or counter-offer for the Defendants' fees and costs in this action.

6. Righthaven's conduct stands in stark contrast to the Defendants' efforts to resolve the matter with Righthaven.

7. On September 28, the Defendants sent a letter to Righthaven's counsel offering to negotiate a fee award without involving the Court; a true and correct copy of this letter is attached hereto as Exhibit A.

8. Righthaven did not substantively respond to this correspondence.

9. On September 30, the Defendants sent an e-mail to Righthaven's counsel offering to negotiate a fee award for less than the Defendants' full fees in order to expedite the resolution of this matter; a true and correct copy of this e-mail is attached hereto as Exhibit B.

10. Righthaven did not substantively respond to this correspondence.

11. On October 5, the Defendants sent a letter to Righthaven's counsel offering to negotiate a fee pursuant to the October 3 order of this Court encouraging the parties to do so; a true and correct copy of this letter is attached hereto as Exhibit C.

12. Righthaven explained, through counsel, that it believed the Court's award of attorneys' fees and costs to be in error and stated that it would not negotiate, but requested more time to follow up on the matter with the Defendants' attorneys.

13. Righthaven did not follow up on this matter with the Defendants' attorneys, nor initiate any settlement discussions after this e-mail exchange.

14. On October 25, the Defendants sent a letter to Righthaven's counsel offering to negotiate a fee award without involving the Court; a true and correct copy of this letter is

attached hereto as Exhibit D.

15. Righthaven did not substantively respond to this correspondence.

16. On October 28, 2011, Righthaven failed to respond to the Defendants' fee affidavits submitted to the Court within the timeline set by the Court's October 3, 2011 order (Doc. # 53).

17. On November 2, the Defendants sent an e-mail to Righthaven's counsel requesting an explanation or Righthaven's failure to negotiate despite numerous previous overtures; a true and correct copy of this e-mail is attached hereto as Exhibit E.

18. On November 4, Righthaven responded through counsel that there was nothing to negotiate because Righthaven believed this Court's order of costs and reasonable attorneys' fees to be reversible error to be corrected on appeal; a true and correct copy of this e-mail is attached hereto as Exhibit F.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge.

Dated November 8th, 2011.

By: _/s/ J. Malcolm DeVoy IV_____
     J. Malcolm DeVoy IV