# EXHIBIT A

**RANDAZZA** | **LEGAL GROUP**

Correspondence from:
**Marc J. Randazza, Esq.**
mjr@randazza.com

**Reply to Las Vegas Office
via Email or Fax**

MARC J. RANDAZZA
Licensed to practice in
Massachusetts
California
Arizona
Florida

JESSICA S. CHRISTENSEN
Licensed to practice in
California

JONATHANE M. RICCI
Licensed to practice in
Michigan
Ontario, Canada
U.S. Tax Court

JASON A. FISCHER
Licensed to practice in
Florida
California
U.S. Patent Office

J. MALCOLM DEVOY
Licensed to practice in
Wisconsin
Nevada

ALEX COSTOPOLOUS
Licensed to practice in
Florida

www.randazza.com

**Las Vegas**
6525 W. Warm Springs Rd
Suite 100
Las Vegas, NV 89118
Tel: 888.667.1113
Fax: 305.437.7662

**Miami**
2 S. Biscayne Boulevard
Suite Number 2600
Miami, FL 33131
Tel: 888.667.1113
Fax: 305.397.2772

**Toronto**
3230 Yonge Street,
Suite Number 200
Toronto, ON M4N 3P6
Tel: 888.667.1113
Fax: 416.342.1761

September 28, 2011

Via Email Only
<shawn@manganolaw.com>

Shawn Mangano
Shawn A. Mangano, Ltd.

    Re:    *Attorney's Fees in Righthaven LLC v. Wolf et al.,
        Case No. 1:11-cv-00830*

Dear Shawn:

By now, I trust that you have reviewed the District of Colorado's Memorandum Opinion and Order (Doc. # 49) in the above-referenced case. Judge Kane converted our client's motion to dismiss into a motion for summary judgment, decided the case on the merits, and dismissed Righthaven's action against our client. Judge Kane further ordered Righthaven to pay Wolf's costs and reasonable attorney's fees under 17 U.S.C. § 505. Because this expressly is a decision on the merits, all that remains to be decided is what Righthaven's liability shall be.

We know from our Motion for Preliminary Injunction that you are very sensitive to the issue of receiving adequate notice under District Local Rule 7.1(a). So as to avoid a repeat of that incident, we are providing you with notice of our intention to file a motion for attorneys' fees, and assurances that it will not be filed for at least 24 hours. During that time, I advise you to confer with your client about resolving that issue of this decision.

As negotiations with Righthaven have been futile in the past, I do not have high hopes for this process. Nonetheless, we have been able to represent Mr. Wolf efficiently, and his total legal bills are around $25,000 at this time. The only way Righthaven will pay less than this amount, or any amount the Court orders paid, is if it negotiates with our client and makes a reasonable offer now. If Righthaven resists, its efforts to avoid payment will simply result in more of what you have experienced in Nevada, plus some additional plays that you have not yet seen.

If Righthaven is interested in negotiating a reduced amount for legal fees with our Client, please inform me by noon on Friday, September 30. Otherwise, it is our intention to seek our full fees –

which we have consistently received in Nevada – through motion practice.  It is also our intention to aggressively pursue the fees, seizure of assets, and to take steps to pierce the corporate veil to hold Righthaven's insiders personally liable.  Additionally, I believe that what has transpired in Nevada is precisely what 28 U.S.C. § 1927 was designed to avoid.  As Judge Kane has already intimated that he looks upon 1927 fees favorably, we will be duty-bound to seek fees against you personally if the proceedings become the quagmire that you created in Nevada.  I do not relish the thought of doing so, and I would much rather not do so.  However, I must place you on notice that this is going to happen if we encounter the kind of foolishness we have encountered in Nevada.

Best regards,

Marc. J. Randazza

cc:     Andrew J. Contitguglia, Esq.
        Jason A. Fischer, Esq.
        J. Malcolm DeVoy IV, Esq.
        Client