# EXHIBIT C

**RANDAZZA LEGAL GROUP**

MARC J. RANDAZZA
Licensed to practice in
Massachusetts
California
Arizona
Florida

JESSICA S. CHRISTENSEN
Licensed to practice in
California

JONATHANE M. RICCI
Licensed to practice in
Michigan
Ontario, Canada
U.S. Tax Court

JASON A. FISCHER
Licensed to practice in
Florida
California
U.S. Patent Office

J. MALCOLM DEVOY
Licensed to practice in
Wisconsin
Nevada

ALEX COSTOPOLOUS
Licensed to practice in
Florida

www.randazza.com

**Las Vegas**
6525 W. Warm Springs Rd
Suite 100
Las Vegas, NV 89118
Tel: 888.667.1113
Fax: 305.437.7662

**Miami**
2 S. Biscayne Boulevard
Suite Number 2600
Miami, FL 33131
Tel: 888.667.1113
Fax: 305.397.2772

**Toronto**
3230 Yonge Street,
Suite Number 200
Toronto, ON M4N 3P6
Tel: 888.667.1113
Fax: 416.342.1761

Correspondence from:
**Marc J. Randazza, Esq.**
mjr@randazza.com

**Reply to Las Vegas Office
via Email or Fax**

October 5, 2011

<u>Via Email Only</u>
shawn@manganolaw.com

Shawn Mangano, Esq.
Shawn A. Mangano Ltd.

      *Re: Attorneys' Fees in <u>Righthaven v. Wolf</u>*

Dear Shawn:

In light of Judge Kane's Order in *Righthaven v. Wolf* (Doc. # 53), we are approaching you and Righthaven for a third and final time regarding the issue of Mr. Wolf's attorney's fees. By the Order's own language, the Court is "strongly encourag[ing]" us to "negotiate an informal resolution" by October 28. (emphasis added) We have been trying to do exactly that, first contacting you with a letter dated September 28, 2011, sent via e-mail at approximately 12:33 pm on that day. You did not respond on the matter of Mr. Wolf's fees. You were then sent another e-mail on September 30, at 2:26 pm, asking for Righthaven's position on Mr. Wolf's fees, and specifically requesting a substantive response from you. You have not yet responded to that e-mail.

In light of the Court's order, motion practice is unnecessary: All that must be done is for us to submit our fees and affidavits, and for Righthaven to submit its arguments in opposition. In short, an award of fees is inevitable, and only the amount to be awarded is in dispute. As similarly situated courts have awarded this firm its full fees in two prior cases where its clients have successfully defended against Righthaven's lawsuits, it is our intention to seek Mr. Wolf's full fees, and we have no reason to suspect that Judge Kane will have any different view on the fee award than Judges Navarro and Pro before him.

As noted in our September 30 e-mail, in order to lessen the amount of work before Judge Kane, Mr. Wolf is open to an offer for less than his full fees. We are awaiting your response to this overture with an offer from Righthaven, or an affirmative statement that Righthaven will not negotiate with Mr. Wolf. In the interest of full disclosure: Having seen the excessive litigation Righthaven has employed to fight satisfaction of judgments defendants obtained against Righthaven in *Righthaven v. Leon* and *Righthaven v. Hoehn*, you or your client's ignoring our reasonable requests to engage in settlement discussions, and then subsequently fighting against enforcement of a judgment that Righthaven could have avoided, will be a basis for a 28 U.S.C. § 1927 motion for sanctions if this litigation is needlessly prolonged at the District Court level.

Ltr. Re Righthaven v. Wolf Fees – Third Attempt
October 5, 2011
Page 2 of 2

As Righthaven likely intends to appeal the District of Colorado's September 27th Order to the Court of Appeals for the Tenth Circuit, we will stipulate to Righthaven posting a bond with the District Court for Mr. Wolf's fees. To reflect the time value of money, however, any such bond must be equivalent to Mr. Wolf's full fees, as opposed to a lower amount Mr. Wolf will accept for a one-time cash payment. As noted in your Emergency Stay application in *Righthaven v. Hoehn* (Doc. # 52), even posting a bond for $34,045.50 would render Righthaven insolvent and force it to seek bankruptcy protection. If that remains the case, offering a reasonable amount in satisfaction of Mr. Wolf's fees would seem to be in Righthaven's best interest. In the alternative, we respectfully request that Righthaven file a bankruptcy petition, as alluded to in the *Hoehn* Emergency Stay application (*id.*), so that Righthaven's financial status is crystallized and further litigation is preempted.

Best regards,

Marc. J. Randazza

cc:   Andrew J. Contiguglia, Esq.
      Jason A. Fischer, Esq.
      J. Malcolm DeVoy IV, Esq.
      Client