# EXHIBIT F

**From:** <shawn@manganolaw.com>
**Subject:** **RE: Righthaven v. Wolf**
**Date:** November 4, 2011 12:50:24 PM PDT
**To:** mjr@randazza.com
**Cc:** "J. DeVoy" <jmd@randazza.com>, "Jason Fischer" <jaf@randazza.com>, "Andrew Contiguglia" <ajc@ajcpc.com>

Marc:

Sorry for the delayed response.  I have been under the weather the last couple of days.

With regard to discussing payment of the Wolf attorneys' fees, as you are aware Righthaven has appealed the Court's subject matter jurisdiction decision to the Tenth Circuit.  As also detailed in the OSC response filed by Righthaven, it is the company's position that the attorneys' fees award was based on the improper conversion of the Rule 12(b)(1) dismissal request into a summary judgment determination - which cannot serve as the basis for a finding that subject matter jurisdiction is lacking.  Any attorneys' fees judgment will also be appealed to the Tenth Circuit.

Given the foregoing circumstances, there is simply no basis for Righthaven to negotiate or otherwise agree to remit payment for any amount of attorneys' fees and costs incurred in this action.  This decision based on the perceived impropriety of the award for which appellate review will be sought.  I intend to advise the Court of these circumstances in a request to appear telephonically at the hearing.  If the Court intends on entertaining substantive argument as to the propriety of entering an attorneys' fee award, then I will certainly appear for the hearing in person.

In short, I believe this is a situation where the parties will simply agree to disagree on the Court's authority to enter an award of attorneys' fees pending appellate review.

Regards,

S

Shawn A. Mangano, Esq.
Shawn A. Mangano, Ltd.
8367 West Flamingo Road, Suite 100
Las Vegas, Nevada 89147
(702) 304-0432 - telephone
(702) 922-3851 - facsimile
*Licensed in California, Nevada and Illinois*


-------- Original Message --------
Subject: Righthaven v. Wolf
From: <mjr@randazza.com>
Date: Wed, November 02, 2011 3:44 pm
To: shawn@manganolaw.com
Cc: "J. DeVoy" <jmd@randazza.com>, "Jason Fischer" <jaf@randazza.com>, "Andrew Contiguglia" <ajc@ajcpc.com>

Shawn,

In Righthaven v. Wolf, the Court ordered a hearing for November 10, 2011 at 1:30 pm in Denver. (Doc. # 62.)  Specifically, Judge Kane is holding this hearing because "the parties" have failed to reach a resolution as to the fees in dispute.  Attached as evidence in our fee affidavits, Wolf reached out to you in order to discuss settlement negotiations on:

1) September 28
2) September 30
3) October 6

4)   October 25

All four of these attempts were in writing, and were in no uncertain terms -- attempts to comply with the Judge's specific admonishment for us to work the matter out.  Not only did you substantively ignore our overtures, but you also failed to file a response to our fee affidavit by October 28, 2011, per the schedule set forth by Judge Kane on October 3, 2011. (Doc. # 53.)

You and your client have ignored our offers to engage in settlement negotiations, detailed above and in our fee affidavit (Doc. # 59), prompting this hearing.  I do not believe it is inaccurate to say that your conduct is the proximate cause for this hearing.

Is there a reason why you have declined to respond to any of our attempts to resolve this matter?  Judge Kane will be fully aware of the efforts we have gone to in order to try and resolve this with you.  It is our intent to move for sanctions against Righthaven and against you personally for adding yet another hearing to this litigation by your failure to so much as engage us in trying to resolve this -- as the court repeatedly ordered you to do.

Do you have anything to say to dissuade us from filing a motion for sanctions?  This is our fifth correspondence attempting to engage you in this, and we remain open to accepting an offer for less than the full fees.

-Marc